ALLEN v. SECRETARY OF STATE.

1. MANDAMUS—TRIAL OF ISSUES RAISED BY PLEA TO ANSWER TO SHOW CAUSE—TRIAL WITHOUT JURY.

Where, in a trial before the circuit court to try issues raised by plea to the answer to show cause in mandamus proceedings in the Supreme Court, as provided by 3 Comp. Laws 1915, §§ 13440, 13441, neither party demanded a jury, it was the duty of the circuit court to determine the facts in issue in the same manner as in actions at law tried without a jury.

2. SAME — WHERE NO DETERMINATION MADE BY CIRCUIT COURT NOTHING BEFORE SUPREME COURT—DISMISSAL.

Where, in a trial before the court without a jury of issues of fact raised by plea to the answer to show cause in mandamus proceedings in the Supreme Court, as provided by 3 Comp. Laws 1915, §§ 13440, 13441, the circuit court made no findings and no request for same was made as required by 3 Comp. Laws 1915, § 12586, but certified the testimony to the Supreme Court, there is nothing before the Supreme Court, and, therefore, in the absence of a motion to remand, defendant's motion for dismissal of the order to show cause must be granted.

Mandamus by Sam Allen and others, copartners as Sam Allen & Sons, to compel Charles J. De Land, secretary of State, to return certain motor vehicle license plates. Submitted November 23, 1926. (Calendar No. 32,113.) Writ dismissed January 3, 1927.

*Robert D. Heitsch,* for plaintiff.

*Clare Retan,* Attorney General, *O. L. Smith* and *Arthur E. Kidder,* Assistants Attorney General, for defendant.

SHARPE, C. J. On June 18, 1925, plaintiffs filed a

---

[1]Mandamus, 38 C. J. § 677; [2]Id., 38 C. J. § 746.

petition for mandamus in this court, praying that the defendant be required to forthwith deliver to them certain motor vehicle license plates, which they alleged had been wrongfully taken from their possession by an inspector appointed by defendant. An order to show cause was issued, to which defendant made return. Plaintiffs filed a plea to the return, traversing the truth of many of the statements therein. An order was thereupon made on October 1, 1925, "that the issues raised by the answer and plea be referred to the circuit court for the county of Oakland for trial." The record discloses that witnesses were examined before one of the circuit judges of that court on November 12, 1925, and the testimony so taken was certified by him to this court on December 2, 1925.

The practice in such cases is clearly outlined in sections 13440 and 13441, 3 Comp. Laws 1915. The filing of the plea raised an issue of fact to "be determined as in other cases." On the trial thereof, either party might have demanded a jury. Not having done so, it was the duty of the court to determine the facts in issue in the same manner as other issues are determined by him in actions at law, tried without a jury. No request was made for findings, as required by section 12586, 3 Comp. Laws 1915, nor was it even suggested that the court should determine the issue presented.

On the record as made, there is nothing before us for determination. As defendant's counsel asked for dismissal of the order to show cause for this reason in the brief filed by them, and as plaintiffs have not moved to remand the record for that purpose, we can but grant the motion of the defendant. Ordered accordingly, without costs.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD. JJ.. concurred.