LABOR RELATIONS DIVISION, MICHIGAN ROAD BUILDERS' ASSOCIATION v. STATE LABOR MEDIATION BOARD.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TITLE OF ACT—GROUNDS OF APPEAL—BRIEFS.

Claim, made before trial court, that section added to statute by amendatory act was not within title of act amended, is not discussed, where such claim was not specifically set forth in the grounds of appeal nor argued in appellants' brief (PA 1939, No 176, § 23, as added by PA 1949, No 230).

2. STATUTES—REVIEW OF ACTION OF ADMINISTRATIVE BODY—CONSTITUTIONAL LAW.

It may be assumed that when a legislature enacts a statute providing for judicial review of the action of an administrative body, it is borne in mind that the Constitution empowers the Supreme Court to issue original and remedial writs (Const 1908, art 7, § 4; PA 1939, No 176, § 23, as added by PA 1949, No 230).

3. INJUNCTION—LABOR DISPUTES—REMEDIAL WRIT.

Relief by way of injunction is denied unincorporated voluntary association of employers who claim that State labor media-

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 695, 776.
[3] 28 Am Jur, Injunctions, § 46.

tion board's issuance of a strike notice at *ex parte* request of a local union, a member of an international union with which plaintiff had hitherto negotiated labor relations contracts, was a denial of due process, where plaintiffs could obtain same relief by an appropriate remedial writ, including a determination of disputed facts (Const 1908, art 7, § 4; CL 1948, § 636.1 *et seq.;* PA 1939, No 176, § 23, as added by PA 1949, No 230).

4. COSTS—INJUNCTION—LABOR MEDIATION BOARD.

    No costs are allowed on appeal from dismissal of bill for injunction in suit to determine validity of statutory provision as to review of action of labor mediation board, where other remedies are available to plaintiffs.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 9, 1951. (Docket No. 74, Calendar No. 45,016.) Decided April 3, 1951.

Bill by Labor Relations Division, Michigan Road Builders' Association, Inc., an unincorporated voluntary association, and another against Michigan State Labor Mediation Board and others to restrain proceedings under strike election notice. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Foster, Cummins, Snyder, Cameron & Foster,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for defendants.

CARR, J. This suit was brought by plaintiffs to obtain an injunction restraining further proceedings under a strike election notice issued by the Michigan State labor mediation board. A motion to dismiss the bill of complaint on the ground that the circuit court in equity had no jurisdiction with reference to

the controversy was interposed by the defendants. Following a hearing the circuit judge came to the conclusion that the contention of the defendants was correct, and a decree was entered accordingly. Plaintiffs have appealed. A temporary injunction issued on the filing of the bill of complaint was, by order of the circuit court, continued in effect pending final determination of the cause.

The material facts as set forth in the bill of complaint are as follows: Plaintiff Labor Relations Division, Michigan Road Builders' Association, Inc., is an unincorporated voluntary association the members of which, including the other plaintiffs in this case, are engaged in the business of constructing roads, bridges and airports for the highway department of the State of Michigan and for various municipalities and subdivisions of the State. Such work is performed under contracts at various locations within the State, and individual contractors frequently carry on work at 2 or more places at the same time. In the conduct of their operations plaintiffs employ persons engaged in various crafts, many of whom are members of international labor unions having local unions with subordinate jurisdiction within limited geographical areas.

For several years past it has been the practice of the plaintiff association, acting on behalf of its members, to enter into contracts with various international unions, pertaining to the relations between such members and their employees. In July, 1946, such an agreement was made with Operative Plasterers and Cement Finishers International, AFL, a copy thereof being attached to the bill of complaint. The agreement was renewed in August, 1948, and has not been terminated.

In June, 1950, a conference was held in the city of Detroit, attended by representatives of the said International Union, for the purpose of agreeing, if

possible, on certain changes in the existing contract. It does not appear that any definite agreement was reached, and thereafter the State labor mediation board, at the request of Local 514 of the International Union, issued a notice of a strike election to be held Saturday, June 10, 1950, at the Cement Finishers Hall, 2232 Gratiot avenue, in the city of Detroit, such building being the union hall of Local 514. The notice further specified that those eligible to vote at such election were "all cement finishers working for the Labor Relations Division, Michigan Road Builders' Association on June 1, 1950 in zone #1 affiliated with Local No 514, AFL, who were employed as of June 1, 1950, including employees who did not work during such payroll period because they were ill or on vacation or temporarily laid off."

The Michigan State labor mediation board was created by PA 1939, No 176, which measure, as amended by PA 1947, No 318, and PA 1949, No 230, defines its powers and duties and sets forth the procedure to be observed by it.* It is the claim of the plaintiffs, as set forth in their bill of complaint, that the action of the defendant board was unauthorized under the statute because Local 514 was not legally entitled to be considered the representative of the employees for whom it sought to bargain, and was not the unit recognized by contract and past practice. It is further claimed that restricting the right to vote to members of Local 514, as well as the fixing of the union hall as the place for the election, was unauthorized and improper. Apparently plaintiffs rely on section 9a of the statute, which directs, as amended by the act of 1949, that an election "shall be held on the premises where those voting are employed unless the board shall determine that the election cannot be fairly held there," and on section 9e (CL 1948, § 423.-

---

* See CL 1948, § 423.1 *et seq.* (amended and added to by PA 1949, No 230 [Stat Ann 1950 Rev § 17.454(1) *et seq.*]).

9e [Stat Ann 1950 Rev § 17.454(10.4)]) which reads as follows:

"The board, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer employed in 1 plant or business enterprise within this State, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units: Provided, however, That if the group of employees involved in the dispute has been recognized by the employer or identified by certification, contract or past practice, as a unit for collective bargaining, the board shall adopt such unit."

In stating the claims of the plaintiffs it is unnecessary to discuss the effect, if any, on the section above cited of the decision of this Court in *Local 170, Transport Workers Union of America,* v. *Genesee Circuit Judge,* 322 Mich 332. The sole question now before us is whether plaintiffs, under the facts that they allege, are entitled to seek the aid of a court of equity. It is their position in substance that, not having had a hearing before the defendant board, they are entitled to such in a court of competent jurisdiction. It is contended that less than an opportunity for a full hearing on the facts and the law constitutes a denial of due process.

The motion to dismiss was based primarily on section 23 of the statute, which was added thereto by the amendment of 1949 (CL 1948, § 423.23 [Stat Ann 1950 Rev § 17.454(25)]). Said section is as follows:

"Rulings or orders promulgated by the board shall be reviewable only by the Supreme Court and on petition for writ of certiorari or such other process as may be appropriate."

It was contended in the trial court that the title of the mediation act is not sufficiently broad to permit the inclusion of the section quoted, and that, in consequence, article 5, § 21, of the State Constitution, limiting a legislative enactment to one object which must be expressed in its title, was infringed. We do not find that such claim is specifically set forth in the grounds of appeal, or that it has been argued in plaintiffs' briefs. In view of this situation it is unnecessary to discuss it. *Chrysler Corporation* v. *Nohmer,* 319 Mich 153. The controlling question at issue is whether, under the alleged facts in the present controversy, section 23, if construed as barring plaintiffs from seeking relief in a court of equity, operates to deny to them due process of law in the determination of their rights.

Under the State Constitution, 1908 (art 7, § 4), this Court has power to issue "original and remedial writs." It may be assumed that in the enactment of the provision of the statute in question here the legislature had this constitutional authority in mind. The procedural provisions relating to writs of mandamus and prohibition are set out in chapter 36 of the judicature act (PA 1915, No 314, as amended [CL 1948, § 636.1 *et seq.* (Stat Ann § 27.2228 *et seq.*)]). Section 4 of said chapter (CL 1948, § 636.4 [Stat Ann § 27.2231]) makes provision for the trial of disputed issues of fact in mandamus cases. *Blickle* v. *Kent Probate Judge,* 211 Mich 216; *Allen* v. *Secretary of State,* 237 Mich 200; *Franklin DeKleine Co.* v. *Board of State Auditors,* 289 Mich 658. If a writ of prohibition is issued the matter is governed by section 12 (CL 1948, § 636.12 [Stat Ann § 27.2239]), which prescribes a like procedure. With reference to prohibition and mandamus proceedings, and the scope of the relief that may be granted therein, see *Speed* v. *Common Council of the City of Detroit,* 98 Mich 360 (22 LRA 842, 39 Am St Rep 555); *Bradley* v. *Board*

*of State Canvassers,* 154 Mich 274; *Reed* v. *Civil Service Commission,* 301 Mich 137, 161; *Leininger* v. *Secretary of State,* 316 Mich 644.

Plaintiffs in this case sought equitable relief on the ground that, under the factual situation existing, the order of the defendant board was improper, unauthorized by statute, and invalid. Inasmuch as the issue in the instant case relates solely to procedure, the merits of the claim are not before us. We see no bar to presenting the facts asserted by the bill of complaint, on which plaintiffs rely, in an application to this Court for an appropriate remedial writ. If the existence of such facts, or any of them, is challenged, the method provided by the statute for the determination of disputed matters is adequate. As we understand plaintiffs' position, they do not question the power of the legislature to limit the jurisdiction of the circuit court in equity if an adequate remedy is otherwise afforded. Without undertaking to lay down a definite rule that shall be applicable under any and all circumstances, it is our conclusion that the questions sought to be raised in this case may be determined by following the procedure indicated by the legislature.

The trial judge came to the correct conclusion, and the decree entered is affirmed. In view of the nature of the case, no costs are allowed.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Bushnell, and Sharpe, JJ., concurred.