HAMILTON v. SECRETARY OF STATE.

1. CONSTITUTIONAL LAW—WOMAN SUFFRAGE—AMENDMENT — DATE EFFECTIVE.

The constitutional amendment conferring the franchise upon women in this State, adopted by the people November 5, 1918, became effective December 5, 1918, under section 2, article 17 of the Constitution, as amended in 1913, said section controlling as to amendments proposed by the legislature under section 1, article 17, as well as to those proposed by initiative.

2. SAME—MANDAMUS—AMENDMENT—PETITION—LEGAL VOTERS.

Mandamus will not lie to compel the secretary of State to submit to vote of the people a constitutional amendment, where the petition therefor contained less than 10 per cent. of the legal voters of the State, as required by section 2, article 17, of the Constitution, after eliminating the signatures of women who signed it before December 5, 1918, the date they became legal electors.

Mandamus by James Hamilton to compel Coleman C. Vaughan, secretary of State, to submit a proposed amendment to the Constitution. Submitted January

29, 1919. (Calendar No. 28,646½.) Writ denied January 30, 1919.

*Moore & Moore,* for plaintiff.

PER CURIAM. This is an application for mandamus to compel the secretary of State to submit a proposed constitutional amendment to the people at the next general election. The petition filed with the secretary of State was signed by 47,652 persons claiming to be legal voters. It is conceded that but 43,469 legal signatures were necessary in order to secure the submission of the proposed constitutional amendment to the people. The secretary of State refused to submit the proposed amendment to the people upon the ground that only 38,631 of the signatures are legal; the balance of said signatures being those of women who signed between November 10th and December 5, 1918.

On November 5, 1918, a constitutional amendment was adopted by the people of the State conferring the franchise upon women. If that amendment took effect on the date of election, November 5th, the signatures of the women signers were legal, should have been counted by the secretary of State, and the mandamus should issue. If, however, as held by the secretary of State, under the advice of the attorney general, said amendment conferring the franchise upon women did not become effective until 30 days after the election on November 5th, that is, not until December 5, 1918, the signatures of the women upon said petition should not be counted and the secretary of State should be held properly to have refused to submit the proposed amendment to the people. It is the contention of relator that the amendment became effective on the date of election, to wit, November 5, 1918, under section 1 of article 17 of the Constitution, which follows:

"Any amendment or amendments to this Constitution may be proposed in the senate or house of representatives. If the same shall be agreed to by two-thirds of the members elected to each house, such amendment or amendments shall be entered on the journals, respectively, with the yeas and nays taken thereon; and the same shall be submitted to the electors at the next spring or autumn election thereafter, as the legislature shall direct; and, if a majority of electors qualified to vote for members of the legislature voting thereon shall ratify and approve such amendment or amendments, the same shall become part of the Constitution."

That section appears to be exactly the same as section 1 of article 20 of the Constitution of 1850, which was construed by this court in the case of *The Seneca Mining Co.* v. *Secretary of State*, 82 Mich. 573 (9 L. R. A. 770). We there held that such amendments took effect from the time of their ratification by the popular vote. The difficulty with relator's position arises out of the fact that in 1913 by concurrent resolution an amendment to the Constitution was effected, section 2 of article 17, which is in part as follows:

"Amendments may also be proposed to this Constitution by petition of the qualified voters of this State. Every such petition shall include the full text of the amendment so proposed and be signed by not less than ten per cent. of the legal voters of the State. Initiative petitions proposing an amendment to this Constitution shall be filed with the secretary of State at least four months before the election at which such proposed amendment is to be voted upon. Upon receipt of such petition by the secretary of State, he shall canvass the same to ascertain if such petition has been signed by the requisite number of qualified electors, and if the same has been so signed, the proposed amendment shall be submitted to the electors at the next regular election at which any State officer is to be elected. Any constitutional amendment initiated by the people as herein provided, shall take effect and become a part of the Constitution if the

same shall be approved by a majority of the electors voting thereon and not otherwise. Every amendment shall take effect thirty days after the election at which it is approved." * * *

It is the contention of relator that the sentence, "Every amendment shall take effect thirty days after the election at which it is approved," refers only to amendments proposed by the initiative and not to amendments proposed by the legislature. We are unable to agree with this contention. This language is plain and unambiguous. Considering both provisions, we are of opinion that the latter, last adopted, is controlling and applies to all amendments.

The mandamus is denied.