LEININGER *v.* SECRETARY OF STATE.

1. STATUTES—INITIATIVE.
   The power to enact laws by the initiative is reserved to the people by the Constitution (Const. 1908, art. 5, § 1, as amended in 1941).

2. SAME—CONSTITUTIONAL LAW—INITIATIVE.
   Compliance with the provisions of the Constitution as to the initiative is mandatory in order to enact a valid statute in such manner (Const. 1908, art. 5, § 1, as amended in 1941).

3. SAME—TITLE OF ACT—INITIATIVE—CONSTITUTIONAL LAW.
   An initiative petition to enact a statute failed to comply with the requirements set forth in the Constitution where the petition did not contain a copy of the title of the proposed measure (Const. 1908, art. 5, § 1, as amended in 1941).

4. SAME—TITLE OF ACT.
   The title of an act is an essential part of every statute whether enacted by the initiative or by the legislature and since no law may be enacted by the initiative that could not, under the Constitution, be enacted by the legislature, the title must be included on the initiative petition (Const. 1908, art. 5, § 1, as amended in 1941; § 21).

5. SAME—TITLE OF ACT—INITIATIVE.
   Under the provision of the Constitution prohibiting the legislature from changing a measure submitted to it by initiatory petition, the lack of a title for the proposed measure may not be supplied by the legislature (Const. 1908, art. 5, § 1, as amended in 1941).

6. SAME—TITLE OF ACT—INITIATIVE—CONSTRUCTION OF CONSTITUTION.
   The word ''title'' as used in provision of Constitution requiring that the title as well as the text of a proposed measure be set forth in an initiative petition in full must be deemed to be consonant with the common usage and well known legislative

practice in that respect at the time of the adoption of the Constitution that the title precede and the text follow the enacting clause (Const. 1908, art. 5, § 1, as amended in 1941).

7. CONSTITUTIONAL LAW—STATUTES—TITLE OF ACT—OBJECT OF ACT.
   The purpose of the constitutional requirement that the object of a law shall be expressed in its title is to protect legislators from passing a law not fully understood, to fairly notify them of its design, and to inform them and interested persons that only provisions germane to the object therein expressed will be enacted and such purpose is not accomplished by the mere fact that the object of the law may be discovered by a reading of the body of the act (Const. 1908, art. 5, § 21).

8. SAME—STATEMENT OF PURPOSE—TITLE OF ACT—CONTENTS OF INITIATORY PETITION.
   Statement of purpose of proposal, prepared by the board of State canvassers and placed on a ballot would not constitute a compliance with mandatory provision of the Constitution requiring that an initiatory petition shall set forth the proposed measure in full by supplying a title therefor (Const. 1908, art. 5, § 1, as amended in 1941).

9. STATUTES—INITIATIVE—CONSTITUTIONAL LAW—TRANSMITTAL TO LEGISLATURE—SUBMISSION TO PEOPLE.
   Full compliance with the mandatory provisions of the Constitution relative to initiative proposals is necessary in order to entitle them to transmittal to the legislature and submission thereof to the people (Const. 1908, art. 5, § 1, as amended in 1941).

10. PARTIES—INTEREST—INITIATED LEGISLATION.
   The interest of citizens, residents and taxpayers and legally qualified electors is sufficient to entitle them to bring mandamus and prohibition proceedings against the secretary of State, superintendent of public instruction, State treasurer, and the attorney general for the determination of an important public question as to whether or not an initiated proposal should be submitted to the people at a general election after the legislature has declined to act within the required time (Const. 1908, art. 5, § 1, as amended in 1941).

11. STATUTES — INITIATIVE — FORM OF PETITION — CONSTITUTIONAL LAW.
   In determining whether or not a measure proposed by the initiative is in proper form to be transmitted to the legislature and submitted to the people, the Supreme Court is not concerned with the question of whether the substance of the proposed law

is violative of the Federal or State Constitutions but does pass upon whether the petition, in form, meets the constitutional requirements so as to qualify it for such action (Const. 1908, art. 5, § 1, as amended in 1941).

12. MANDAMUS—INITIATIVE—CONSTITUTIONAL LAW.

Mandamus will issue to prevent submission of a measure, proposed by the initiative, when compliance with the requirements of the Constitution is lacking (Const. 1908, art. 5, § 1, as amended in 1941).

13. SAME—NATURE OF REMEDY—DISCRETION OF COURT.

A mandamus in a case where the duty of a public officer is absolute and specific is no more a matter of discretion than any other remedy.

14. OFFICERS—MINISTERIAL DUTY—MANDAMUS.

The duty of certain State officers to determine whether or not a petition initiating legislation is in proper form is ministerial, involves solely the determination of a question of fact and presents a clear legal duty, obedience to which the Supreme Court will compel by mandamus (Const. 1908, art. 5, § 1, as amended in 1941).

15. STATUTES—INITIATIVE PETITION—TITLE OF ACT—MANDAMUS.

Where initiative petition proposing fair employment practices law failed to include a title therefor, the petition was not in proper form to meet constitutional requirements for transmittal to the legislature, hence where such petition had been referred to legislature and it failed to act within the prescribed time, it is the duty of the secretary of State, superintendent of public instruction, State treasurer, and attorney general to refuse to proceed further in the matter of submitting the proposed law to the people and mandamus may issue to compel such refusal (Const. 1908, art. 5, § 1, as amended in 1941).

BUTZEL and BUSHNELL, JJ., dissenting.

Petition by William H. Leininger and others against Fred M. Alger, Jr., Secretary of State, and others, as a special statutory board, for writs of mandamus and prohibition·to prevent the submission of an initiatory petition to electors of the State. Submitted February 25, 1947. (Calendar No. 43,685.) Writ of mandamus granted March 3, 1947.

*Kelley, Sessions & Kelley* (*Beaumont, Smith & Harris,* of counsel), for plaintiffs.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Assistant Attorney General, for defendants.

*Amici Curiae:* Tracy M. Doll, Edward McFarland, Alan N. Brown, Jack Raskin, Arthur Bowman and Richard T. Leonard: *Henry S. Sweeney, James R. Golden, Lewis Rosenzweig, Oscar W. Baker, Jr., Maurice Sugar, Walter G. Krapohl, Walter M. Nelson,* and *Ernest Goodman.*

DETHMERS, J. Plaintiffs have applied for a writ of mandamus and prohibition to prevent the Secretary of State from certifying to the clerk of each county, and the defendants from submitting to the people for approval or rejection at the next ensuing general election, a fair employment practices law proposed by an initiative petition filed, in sections, with the defendants and by them transmitted to the legislature which has taken no action thereon within the prescribed time. Plaintiffs' application is planted on the theory that the initiative petition is fatally defective because it contains no title of the proposed measure.

The power to enact laws by the initiative is reserved to the people by the Michigan Constitution of 1908, article 5, § 1, as amended in 1941, which prescribes the method of its exercise. Compliance therewith is mandatory. *Thompson* v. *Secretary of State,* 192 Mich. 512. Said section 1, as amended, reads in part:

"No law shall be enacted by the initiative that could not under this constitution be enacted by the legislature. Initiative petitions *shall set forth in full the proposed measure.* * * * The law proposed by such petition shall be either enacted or rejected by the legislature without change or amendment. * * *

"Any initiative or referendum petition may be presented in sections, each section containing a full and correct copy of *the title* and text of the proposed measure."

After specifying how an initiative petition shall be signed, section 1, as amended, then provides:

"If the same has been so signed, the Secretary of State or other persons hereafter authorized by law to receive and canvass same, determines that the petition is legal and in proper form and has been signed by the required number of qualified and registered electors, such petition shall be transmitted to the legislature."

The initiative petition here under consideration fails to comply with the requirements of said section 1 in that it does not contain a copy of the title of the proposed measure.

The Michigan Constitution of 1908, article 5, § 21, provides in part as follows:

"No law shall embrace more than one object, which shall be expressed in its title."

This makes the title an essential part of every law. That this title requirement applies to laws enacted by the initiative, as well as to those enacted by the legislature, there can be no doubt, particularly in view of the provision of section 1, that no law shall be enacted by the initiative that could not, under the Constitution, be enacted by the legislature. As this Court said in *Fillmore* v. *Van Horn*, 129 Mich. 52, 56:

"The title to an act is required by the Constitution. It is as much a part of the act as the body thereof."

Section 1 requires that the petition shall set forth in full the proposed measure. This cannot be done without a title.

It follows that the petition did not meet the constitutional requirements prerequisite to its transmittal to the legislature. Nor could the legislature, had it been so disposed, have cured the defect in view of the inhibition of section 1 against legislative change or amendment.

After directing attention to sections 1 and 2 of the proposed law, which immediately follow the enacting clause and which contain a statement of principle and definition of scope, respectively, defendants' brief suggests but declines to express an opinion as to whether these might ·be deemed to serve as a title. Since long before the adoption of the Constitution of 1908, it has been the legislative practice in Michigan to cause the title of an act to precede and the body of the act to follow the enacting clause. Never has it been the practice to incorporate the title in the body of the act. The meaning of the word "title" as here employed in the Constitution must be deemed to be consonant with the common usage and well known legislative practices in that respect at the time of the Constitution's adoption. *City of Detroit* v. *Chapin,* 108 Mich. 136, 142 (37 L. R. A. 391); *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich. 338, 348. 11 Am. Jur., § 63, pp. 676—678. The purpose of the constitutional requirement that the object of a law shall be expressed in its title is to protect legislators from passing a law not fully understood, to fairly notify them of its design, and to inform them and interested persons that only provisions germane to the object therein expressed will be enacted. *Thomas* v. *Collins,* 58 Mich. 64; *Blades* v. *Board of Water Commissioners of Detroit,* 122 Mich. 366; *MacLean* v. *State Board of Control for Vocational Education,* 294 Mich. 45. This purpose of the constitutional requirement that the object of a law shall be expressed in its title is not accomplished by the

mere fact that the object of the law may be discovered by a reading of the body of the act.

The brief of *amici curiae* points out that, if the proposal be placed on the ballot, the defendants are required by statute (Act No. 246, § 4, Pub. Acts 1941 [Comp. Laws 1945 Supp. § 3285—4, Stat. Ann. 1946 Cum. Supp. § 6.685 (4)]) to prepare and place on the ballot in connection therewith a statement of the purpose of such proposal in not more than 100 words. It is suggested that upon adoption of the measure by the people such statement of purpose, so prepared by defendants, might well stand as the title of the law. The suggestion overlooks the requirements of article 5, § 1, that each section of the petition, when filed, shall contain a copy of the title of the proposed measure, and that the petition shall set forth the proposed measure in full. These requirements are mandatory. Full compliance is a prerequisite to transmittal of the measure to the legislature and submission thereof to the people.

It is objected that plaintiffs, described in their application as citizens, residents, taxpayers and legally qualified electors of the State, have shown no such interest as entitles them to the relief sought. In this case the attorney general has assumed a position contrary to that of plaintiffs and is himself a defendant. Under such circumstances, we have heretofore held electors to be proper parties plaintiff. *Scott* v. *Secretary of State,* 202 Mich. 629; *Thompson* v. *Secretary of State, supra.* The interest of plaintiffs is sufficient to warrant their bringing these proceedings for the determination of an important public question.

Defendants' chief reliance is placed on the case of *Hamilton* v. *Secretary of State,* 212 Mich. 31, as authority for the proposition that this Court will not pass upon the constitutionality of a proposed law

about to be submitted to the people under article 5, § 1 of the Constitution. In support of this proposition, defendants' brief quotes from this case as follows (p. 34):

"If the defendant in this case may decide whether the proposed amendment is constitutional and thus refuse to submit it, may he not in any case in which it is his judgment that the proposed amendment is unconstitutional, decline to submit it? If he may exercise this power, is not he going much farther than his duties as a ministerial officer authorize him to go? If the proposed amendment should receive a majority of the legal votes cast, there will then be time enough to inquire whether any provision of the Federal Constitution has been violated. Until that time comes we must decline to express any opinion as to the unconstitutionality of the proposed amendment."

The brief of *amici curiae* quotes from the same case the following (p. 42):

"This Court has no express or implied power by judicial veto to nullify *in futuro* a prospective law foreshadowed by a properly introduced bill before the legislature, nor, by analogy, a proposed amendment of the Constitution properly presented by petition for the electors to pass upon. In our opinion it is neither the duty nor the right of this Court in this proceeding to pass upon the constitutionality of this amendment which has not been, is not now, and never may become a part of our Constitution."

In the case at bar, however, we are not concerned with the question of whether the substance of the proposed law is violative of the Federal or State Constitutions. Here the question is whether the petition, in form, meets the constitutional requirements so as to qualify it for transmittal to the legislature and submission to the people. With reference

to such question, this Court also said in the *Hamilton Case, supra* (p. 38):

"The duty of the Secretary of State is plainly prescribed. He 'shall submit all proposed amendments  *  *  * initiated by the people for adoption or rejection in compliance herewith.' Upon the filing of the petition, the duty devolves upon him to ascertain *whether it complies with the constitutional requirements.* He must canvass the same and determine whether it has been signed by the requisite number of qualified voters *and also whether it is in the form prescribed* and is properly verified.  *  *  *

"Should he determine that the requirements for submission as contained in this section have not been complied with, he may refuse to submit it. If it is claimed that he is in error in the determination thus reached, his action may be reviewed in this Court."

And to the same effect, in *Thompson* v. *Secretary of State, supra,* 523, 524, this Court said, concerning the secretary of State:

"But he should be careful to see that its various sections comply with the requirements of the Constitution fairly and reasonably construed. Whatever other purpose these requirements may have, it is plainly to be seen that each and every one was intended to safeguard the honesty of the petition. And each and every one is mandatory and must be complied with.  *  *  *

"And sections which show upon their face that they were filed in violation of the Constitution are as ineffectual as if they never had been filed at all."

In *Scott* v. *Secretary of State, supra,* plaintiffs brought mandamus to compel the secretary of State to refrain from submitting certain proposed amendments to the Constitution to the electors, at the next

general election, on the ground that the petition filed therefor did not contain the full text of the amendment as required by the Michigan Constitution of 1908, article 17, § 2. In granting the writ this Court said (p. 644):

"Does the petition here in question contain the full text of the proposed amendment? This is the single question to be answered, and is a question of fact. * * *

"Of the right of qualified voters of the State to propose amendments to the Constitution by petition it may be said, generally, that it can be interfered with neither by the legislature, the courts, nor the officers charged with any duty in the premises. But the right is to be exercised in a certain way and according to certain conditions, the limitations upon its exercise, like the reservation of the right itself, being found in the Constitution. The secretary of State is charged with certain duties in this behalf.

" 'Upon receipt of *such petition* by the secretary of State he shall canvass the same.'

"*Such petition.* A petition *including the full text* of the amendment so proposed, signed by not less than ten per cent. of the legal voters of the State. The ascertainment of these facts which are to appear before he is charged with the performance of further duties involves the exercise of no discretion, the performance of none but a ministerial duty. * * * As he might be compelled by mandamus to receive a proper petition, so by mandamus he may be compelled to refuse to receive an improper petition, since it is his duty to reject, at least to refuse to take further action concerning, petitions not conforming to the constitutional mandate. The jurisdiction of the court in the premises cannot be doubted, exercised within the limits herein indicated. *Rich* v. *Board of State Canvassers,* 100 Mich. 453; *Livingstone* v. *Wayne County Election Commissioners,* 174 Mich. 485; *Thompson* v. *Secretary of State,* 192 Mich. 512, 521, 522. * * *

"I conclude that it was the duty of the secretary

of State to reject the petition, and is now his duty to refuse to proceed further to perform any duty imposed on him by article 17, section 2, of the Constitution in this behalf.''

The applicability to the instant case of the holding in the above case is at once apparent. In both cases the petitions failed to meet the requirements of the Constitution. In the *Scott Case* mandamus was held proper because the petition did not include the full text of the proposed amendment. In the case at bar the petition is defective because it does not contain the title of the proposed measure.

In the *Hamilton Case, supra,* this Court, in holding that we do not consider the constitutionality of a proposed law before its enactment, took note of the *Scott Case* saying (p. 38):

"The cases relied on by counsel for the defendant: *Scott* v. *Secretary of State,* 202 Mich. 629; *Hamilton* v. *Secretary of State,* 204 Mich. 439; and *Hamilton* v. *Secretary of State,* 206 Mich. 371, illustrate the questions which can be thus raised. In the *Scott Case,* the question presented was whether the proposed amendment was sufficient in form, it being the claim of the defendant that the full text of the proposed amendment was not contained in the petition. This Court held that such infirmity existed, that it did not comply with the constitutional requirement that 'Every such petition shall include the full text of the amendment so proposed.' The question of the validity of the proposed amendment was not discussed or passed upon by the court."

From the language of the *Thompson, Scott* and *Hamilton Cases* the distinction to be made is clear. While the constitutionality of a proposed law is not determined by this Court before enactment, nonetheless, we do determine, in cases properly presented here before submission of the proposed law

to the people, whether the constitutional require-
ments for such submission have been met, and
mandamus will issue to prevent such submission
when compliance therewith is lacking.

It is urged by defendants that mandamus is not a
matter of right, but one of grace, which, in this in-
stance, should be denied because plaintiffs do not
show that they are in a class to be affected by the
proposed law and because of the shortness of the
time in which this Court is called upon to render
decision in view of the imminent deadline for print-
ing ballots for the next general election. In answer
to a like contention in the *Hamilton Case, supra*
(212 Mich. 31), this Court said:

"But this Court has said in no uncertain terms
that it has no discretion when called upon to compel
a public officer to perform a duty imposed on him
by law.

" 'A mandamus in a case where the duty of a pub-
lic officer is absolute and specific  *  *  *  is no
more matter of discretion than any other remedy.'
*Auditor General* v. *Tuscola County Treasurer,* 73
Mich. 28, 32."

Defendants insist that no duty reposes upon them
to determine whether the petition meets the consti-
tutional requirements for submission to the people,
except as relates to signatures. This contention is
answered in the language of the *Scott Case, supra.*
Since the opinion in that case was written, article 5,
§ 1 of the Constitution has been amended (1941). As
will be noted from a reading of the quotation here-
inbefore made therefrom, the section now imposes
an express duty upon the defendants to determine
that the petition is in proper form. Thus the Con-
stitution now makes express the duty which this
Court had theretofore held rested upon the Secre-
tary of State. The duty is still ministerial, involves

solely the determination of a question of fact and represents a clear legal duty, obedience to which this Court will compel by mandamus.

It was the duty of the defendants to have determined that the petitions were not in proper form to meet constitutional requirements for transmittal to the legislature. It now is the duty of defendants to refuse to proceed further in the performance of any function attendant on submission of the proposed law to the people.

The writ of mandamus will issue accordingly.

SHARPE, BOYLES, REID, and NORTH, JJ., concurred with DETHMERS, J.

BUTZEL, J. (*dissenting*). I withhold comment on the constitutionality of the proposed act. If, on referendum, it is defeated, the question raised becomes moot. If it is adopted, the question of its constitutionality can be properly raised and determined after careful consideration. It is far more important at the present time to preserve the inviolability of the initiative and referendum vouchsafed to the electors of the State. The secretary of State is correct in his insistence on submitting the proposed act to the electors even if, in his judgment, he should deem that it has constitutional defects. His duties are ministerial, not judicial. As said in *Hamilton* v. *Secretary of State*, 212 Mich. 31:

"If the defendant in this case may decide whether the proposed amendment is constitutional and thus refuse to submit it, may he not in any case in which it is his judgment that the proposed amendment is unconstitutional, decline to submit it? If he may exercise this power, is not he going much farther than his duties as a ministerial officer authorize him to go? If the proposed amendment should receive a majority of the legal votes cast, there will then be

time enough to inquire whether any provision of the Federal Constitution has been violated. Until that time comes we must decline to express any opinion as to the unconstitutionality of the proposed amendment."

The petition for the writs of prohibition and mandamus should be denied, without costs, as a public question is involved.

BUSHNELL, J., concurred with BUTZEL, J. CARR, C. J., took no part in the decision of this case.