RICE *v.* OAKLAND COUNTY DRAIN COMMISSIONER.

1. TAXATION—IMPROVEMENT—BENEFIT TO PROPERTY—SPECIAL ASSESSMENT.

The stabilization of a lake' level may be of mutual benefit to all abutting property owners and may be taken into consideration in assessment of valuation of abutting property.

2. TAXATION—IMPROVEMENT—BENEFIT TO PROPERTY—EXISTING SOIL CONDITION.

The fact that an existing condition of the soil prevents residential use of real property on a lakefront because septic tanks and sanitary facilities cannot be installed does not necessarily make the raising and stabilizing of the lake an improvement without value to the property; it is a fact relevant to the value of the benefit conferred.

3. TAXATION—SPECIAL ASSESSMENT—VALIDITY—BENEFIT.

A special assessment, to be valid, has to relate to the benefit which reasonably applies to the subject property.

4. APPEAL AND ERROR—CHANCERY CASES—FINDINGS OF COURT—EVIDENCE.

The Court of Appeals hears and considers chancery cases *de novo* on the record, giving considerable weight to the findings of the trial court.

5. STATUTES—CONSTITUTIONALITY—AMBIGUITY—TITLE—MORE THAN ONE SUBJECT.

The Inland Lake Level Act of 1961 is constitutional, against objection that it is ambiguous and that the title of the act embraces more than one subject (CLS 1961, § 281.61 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur, Taxation §§ 701, 714; 48 Am Jur, Special or Local Assessments § 36.
[3] 48 Am Jur, Special or Local Assessments § 21.
[4] 5 Am Jur 2d, Appeal and Error § 822.
[5] 50 Am Jur, Statutes §§ 225, 226, 310, 311.

Appeal from Oakland, Robert L. Templin, J.   Submitted Division 2 May 6, 1968, at Lansing.   (Docket No. 3,957.)   Decided March 24, 1969.

The Oakland county drain commissioner assessed lands of Norman F. Rice and Muriel E. Rice for a special assessment district.   The landowners took a statutory appeal to probate court, which certified a reduced assessment by a board of review.   The landowners appealed and the drain commissioners cross-appealed to circuit court which affirmed.   The landowners appeal and the drain commissioners cross-appeal.   Affirmed.

*Robert M. Myers,* for plaintiffs.

*Robert P. Allen,* Corporation Counsel, and *Hayward Whitlock* and *Armand P. Deatrick,* Assistants Corporation Counsel, for defendant.

BEFORE: Lesinski, C. J., and Quinn and Moody,* JJ.

Moody, J.   This case involves an appeal by the owners and a cross-appeal by the Oakland County Drain Commissioner from a decision approving a special assessment of certain lands which border Lower Straits Lake in Oakland county.

A special assessment district was established in 1963 to fix and maintain the water level of the lake. Since the plaintiffs' property involved peninsulas, the front footage assessment base was adjusted downward by the drain commissioner using a standard method for adjusting peninsulas.   In the instant

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

case there was a downward adjustment from 2,100'
to 900' as the assessment base.

The original assessment made by the defendant
on plaintiffs' land was in the amount of $2,264.75.
As a result of a petition by the plaintiffs, the probate
court in October, 1964, appointed a board of review
to re-examine the original assessment. The board
of review revised the special assessment on plain-
tiffs' land at a reduced sum of $1,265. Upon the
certification by the probate court of the board's
action, the plaintiffs appealed to circuit court.

The circuit court, after hearing brief testimony
offered by the plaintiffs and the defendant, affirmed
the assessment of $1,265 established by the board of
review, considering it to be both "equitable and rea-
sonable under the circumstances". From this deci-
sion plaintiffs appeal. The defendant also submitted
its cross-appeal requesting the original assessment
to be reinstated.

The plaintiffs are owners of two fingers of land
and three dead-end canals on the lake. Plaintiff
Norman F. Rice is a realtor specializing in lakefront
property. He has owned the property in question
since 1940. The land consists primarily of fibrous
peat. Plaintiffs claim this soil condition prevents
the installation of septic tanks and sanitary facili-
ties necessary for the construction of homes. Plain-
tiffs were denied building permits pertaining to most
of this property because of the soil conditions.

It is the contention of plaintiffs that the proposed
raising and fixing of the level of the lake would
confer no assessable benefit on their property, and
since there is no benefit the assessment would be
improper as a taking of private property for public
use without compensation. *Blades* v. *Genesee Drain
District No. 2* (1965), 375 Mich 683; *Norwood* v.
*Baker* (1898), 172 US 269 (19 S Ct 187, 43 L Ed 267).

Plaintiffs urge that the reason that the improvement would be of no value to the property is that the soil conditions prevent them from obtaining building permits to utilize the land for housing development.

This is a review of a chancery case. Accordingly it is *de novo* on the record, giving considerable weight to the findings of the trial court. *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508. The record reflects that a stabilizing of the lake level is of some mutual benefit to all abutting property owners. No claim was made by the plaintiff that such stabilization would adversely affect the soil conditions. The fact that the plaintiffs may not erect homes on a good part of the subject land at this time due to the soil condition is relevant to the value of the benefit. The record reveals that here plaintiffs have only shown that their property may be less valuable and usable as lakefront property than other nearby property. This was obviously taken into consideration by the board of review by its reduction of the assessment.

During the course of the circuit court trial, Mr. Jack Portman, the assessing officer of lake levels associated with the Oakland county drain commissioner's office, testified without objection as follows:

"*Q.* * * * Do you feel, Mr. Portman, this was a fair and equitable assessment for Mr. Rice?

"*A.* Yes, I do.

"*Q.* And what do you base that opinion on?

"*A.* The fact his property is on the lake, has access on the lake and will enjoy the same benefits of any other property owner on that lake."

The court in its opinion stated in part as follows:

"Further, the court, after listening to the testimony of witnesses regarding the formula for rating the assessment district, and, more specifically, the

contested assessment, feels that such assessment was not illegal *per se,* and that some benefit will accrue to plaintiffs-appellants from the raising and stabilizing of the lake level even though such benefit might be of an indirect nature."

An assessment to be valid has to relate to a benefit which reasonably applies to the subject property. *Crampton* v. *City of Royal Oak* (1961), 362 Mich 503; *Dix-Ferndale Taxpayers' Association* v. *City of Detroit* (1932), 258 Mich 390. Aside from the trial testimony the records before the circuit court reflected, the board of review not only heard testimony but viewed the specific lands owned by the plaintiffs as well as the surrounding area of the lake. The board determined that the fair and equitable apportionment of the cost to be assessed against the plaintiffs should be in the amount of $1,265. The circuit judge affirmed. We find insufficient evidence in this record to negate the conclusion that an equitable benefit reflected by the reduced assessment was derived by the plaintiffs to their property due to the increase and stabilization of the lake water level.

In addition plaintiffs allege that PA 1961, No 146, CLS 1961, § 281.61, *et seq.* (Stat Ann 1968 Rev § 11.300[1] *et seq.*), is unconstitutional because it fails to afford due process and embraces more than one subject. The trial court found:

"The court finds that the act in question, Act 146 of the Public Acts of 1961, is constitutional in that it is unambiguous and that plaintiffs-appellants have not been denied due process of law as there has been sufficient notice, opportunity for hearings and appellate review relative to the contested assessment."

We adopt the opinion of the trial judge. *Dodge* v. *Detroit Trust Co.* (1942), 300 Mich 575. Furthermore, we conclude that the title of the act does not embrace more than one appropriate subject. *Loomis* v. *Rogers* (1917), 197 Mich 265; *Leininger* v. *Secretary of State* (1947), 316 Mich 644.

As the record discloses sufficient basis for the trial court to uphold the board of review to the effect that the assessment is not excessive, so too the record reflects sound reason to conclude that the adjusted assessment was appropriate and the original assessment abusively excessive. Accordingly the issues raised in the defendant's cross-appeal are without merit. The assessment in the amount of $1,265 is affirmed.

Affirmed; no costs, a public question.

All concurred.