BEECHNAU v SECRETARY OF STATE

1. STATUTES—INITIATIVE—JUDICIAL REVIEW—LIMITATIONS.

The method of review for those persons aggrieved by any determination of the State Board of Canvassers in a matter of initiative is provided for by the statute governing initiative and referendum and the Administrative Procedures Act does not apply, nor does the constitutional provision concerning review of administrative actions apply absent a showing that a private right or license is affected (Const 1963, art 6, § 28; MCLA 24.201 *et seq,* 168.479).

2. CONSTITUTIONAL LAW—STATUTES—INITIATIVE—JUDICIAL REVIEW.

The constitutionality of a law proposed by initiative is not subject to judicial review before it is submitted to the people.

3. MANDAMUS—DENIAL OF WRIT—DUTY.

A writ of mandamus will not issue where plaintiffs have not shown a failure on the part of the defendants to perform any duty imposed upon them.

Original action in the Court of Appeals. Submitted Division 2 July 24, 1972, at Lansing. (Docket No. 13970.) Decided August 1, 1972. Leave to appeal denied, 388 Mich 771.

Complaint by Louis H. Beechnau and others against Richard H. Austin, Secretary of State, the Director of Elections, and the Board of State Canvassers, for mandamus to prevent the submission to the people at the next general election of an abortion law proposed by initiative petitions. Jack M. Stack, M.D., and others intervened as defendants. Judgment for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Initiative and Referendum § 53.
[2] 42 Am Jur 2d, Initiative and Referendum §§ 48, 55.
[3] 52 Am Jur 2d, Initiative and Referendum §§ 31, 72.

*Hubbell, Blakeslee, McCormick & Houlihan,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Solomon H. Bienenfeld, Russell A. Searl,* and *Charles D. Hackney,* Assistants Attorney General, for original defendants.

*Shirley J. Burgoyne,* for intervening defendants.

Before: QUINN, P. J., and McGREGOR and DAN-HOF, JJ.

PER CURIAM. Plaintiffs have filed a complaint for mandamus against defendant Richard A. Austin, Secretary of State, and others, seeking a writ of mandamus to prevent the Secretary of State from submitting to the people for approval or rejection at the next general election, an abortion law proposed by initiative petitions. This action was originally filed in the Supreme Court, but on April 4, 1972, the Supreme Court pursuant to GCR 1963, 714.1(1) ordered the matter transferred to this Court for consideration and further proceedings. Through various motions and orders other plaintiffs were added along with intervening defendants.

Plaintiffs urge two bases for the issuance of the writ of mandamus alleging (1) that the defendant State Board of Canvassers failed in their duty in ascertaining that the petitions contained sufficient signatures to be placed upon the ballot, and (2) that the proposed initiative bill violates Const 1963, art 4, § 24, in that the title of the proposed law embraces more than one object. Since the action requests a writ of mandamus it is incumbent on the plaintiffs to demonstrate a violation of

a clear legal duty on the part of the defendants. The Administrative Procedures Act, MCLA 24.201; MSA 3.560(101) *et seq,* is not applicable since MCLA 168.479; MSA 6.1479 provides the method of review for those persons aggrieved by any determination of the State Board of Canvassers. Nor do we find Const 1963, art 6, § 28, pertinent to this inquiry. We find nothing in the complaint or in the hearings showing that the decisions of the State Board of Canvassers or the other defendants "affect private rights or licenses" of the plaintiffs. Accordingly, it is necessary to determine if the State Board of Canvassers has failed to perform any duty under the Constitution or the statutes. MCLA 168.476; MSA 6.1476 sets forth the duties of the State Board of Canvassers. It states:

"Upon receipt of said petitions, said board shall canvass the same to ascertain if such petitions have been signed by the requisite number of qualified and registered electors, and for the purpose of determining the validity thereof, may cause any doubtful signatures to be checked against the registration records by the clerk of any political subdivision in which said petitions were circulated for properly determining the authenticity of such signatures."

An examination of the transcript of the proceedings held before the State Board of Canvassers on April 18, 1972, indicates full compliance with this provision. Plaintiffs have questioned the methods employed by the defendant board in canvassing and checking the signatures, but we find nothing in the statute or Constitution which indicates that the methods employed by the State Board of Canvassers and the staff of the Director of Elections were improper or illegal. Nor are we convinced that the testimony or evidence submitted by the

plaintiffs has in any way cast doubt upon the decision of the State Board of Canvassers that the petitions contained the requisite number of signatures. To the contrary, the record indicates that even utilizing the procedures employed by the plaintiffs, the petitions bore sufficient signatures without taking into account the final filing of some 13,000 signatures which occurred on April 5, 1972. This allegation of the plaintiffs is without merit.

Plaintiffs' allegation concerning the alleged violation of Const 1963, art 4, § 24, is premature. This Court will not pass upon the constitutionality of a proposed law before it is submitted to the people. *Hamilton v Secretary of State,* 212 Mich 31 (1920). Plaintiffs cite as authority *Leininger v Secretary of State,* 316 Mich 644 (1947), but it is not in point. In *Leininger* the proposed statute contained no title at all and as stated by Justice DETHMERS,

"In the case at bar, however, we are not concerned with the question of whether the substance of the proposed law is violative of the Federal or State Constitutions. Here the question is whether the petition, in form, meets the constitutional requirements so as to qualify it for transmittal to the legislature and submission to the people."

The proposed statute does contain a title and no question has been raised concerning the form of the petition.

Since plaintiffs have not shown a failure on the part of the defendants to perform any duty imposed upon them a writ of mandamus will not issue.

Our decision herein renders moot the intervening defendants' motion to strike and for summary judgment, and they are dismissed.