FERENCY v BOARD OF STATE CANVASSERS

Docket No. 133979. Submitted December 1, 1992, at Lansing. Decided February 16, 1993, at 9:50 A.M.

Zolton A. Ferency brought an action in the Ingham Circuit Court against the Board of State Canvassers, seeking a declaration that a certain petition to initiate legislation submitted to the board could not be transmitted to the Legislature because the proposed legislation was allegedly substantially unconstitutional. The board previously had declined to issue a declaration that the proposed legislation was unconstitutional as requested by the plaintiff pursuant to MCL 24.263; MSA 3.560(163) on the ground that it was not empowered to declare an initiative petition unconstitutional. The board certified that the initiative petition contained the minimum number of valid signatures required by the constitution and transmitted it to the Legislature, which enacted the proposed law after this action was brought. The court, James R. Giddings, J., granted the board's motion for summary disposition, holding that it was not empowered to declare legislation proposed by initiative unconstitutional. The plaintiff appealed, and the board cross appealed.

The Court of Appeals *held:*

1. The board does not possess the authority to decide the constitutionality of laws proposed by initiative or the power to decline to transmit to the Legislature laws that it believes to be unconstitutional.

2. A substantive constitutional challenge to a law proposed by initiative may not be brought before the law's enactment except where there is alleged to be a constitutionally fatal defect in the form of the initiative petition. No such defect is alleged by the plaintiff.

Affirmed.

1. ADMINISTRATIVE LAW — BOARD OF STATE CANVASSERS — LAWS PROPOSED BY INITIATIVE — CONSTITUTIONALITY OF PROPOSED LAWS.

The Board of State Canvassers does not possess the authority to

REFERENCES

Am Jur 2d, Initiative and Referendum § 55.

See the ALR Index under Constitutional Law; Initiative and Referendum.

decide the constitutionality of laws proposed by initiative or the power to decline to transmit to the Legislature proposed laws that it believes to be unconstitutional.

2. CONSTITUTIONAL LAW — LAWS PROPOSED BY INITIATIVE — SUBSTANTIVE CHALLENGE BEFORE ENACTMENT.

    A substantive constitutional challenge to a law proposed by initiative may not be brought before the law is enacted.

*Zolton Ferency,* in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon, Leo H. Friedman,* and *Todd B. Adams,* Assistant Attorneys General, for the Board of State Canvassers.

*Dykema Gossett* (by *John B. Curcio, Richard D. McLellan,* and *Sandra Miller Cotter*), for intervening defendants, Right to Life of Michigan, Inc., Right to Life of Michigan, Inc., Legal Defense Fund, and Citizens for Parents' Rights.

Before: HOLBROOK, JR., P.J., and FITZGERALD and D. A. ROBERSON,* JJ.

PER CURIAM. Plaintiff appeals as of right the order of the Ingham Circuit Court that granted the defendant Board of State Canvassers' motion for summary disposition, brought pursuant to MCR 2.116(C)(8). Defendant has cross appealed. We affirm.

On July 6, 1990, Citizens for Parents' Rights submitted to defendant petition signatures to initiate legislation entitled "The Parental Rights Restoration Act." On July 9, 1990, plaintiff requested that defendant issue a declaratory ruling pursuant to MCL 24.263; MSA 3.560(163) that the initiative petition could not be transmitted to the Legislature because the proposed legislation was substan-

---

    * Recorder's Court judge, sitting on the Court of Appeals by assignment.

tively unconstitutional.[1] According to plaintiff, because the power of initiative extends only to those laws that the Legislature may enact, the alleged unconstitutionality of the proposed law rendered it one that the Legislature could not enact, and, hence, the initiative petition failed to meet the initiative requirements of the state constitution. See Const 1963, art 2, § 9. On August 2, 1990, defendant declined to issue a declaratory ruling on the ground that defendant was not empowered to declare an initiative petition unconstitutional.

Plaintiff filed a lawsuit against defendant that same day. Plaintiff sought a declaratory ruling from the trial court that the initiative petition could not be transmitted to the Legislature because it proposed a law that the Legislature could not lawfully enact, and that defendant cease and desist from transmitting the petition to the Legislature. On September 6, 1990, defendant unanimously certified that the initiative petition contained the minimum number of valid signatures required by Const 1963, art 2, § 9. The initiative petition was transmitted to the Legislature and enacted on September 12, 1990. On October 2, 1990, the trial court granted defendant's motion for summary disposition. The trial court held that defendant was not empowered to declare legislation proposed by initiative unconstitutional.

On appeal, plaintiff mentions in passing his belief that defendant possesses the authority to decide the constitutionality of laws proposed by initiative and the concurrent power to decline to transmit to the Legislature proposed laws that it believes to be unconstitutional. We disagree. De-

[1] Plaintiff claimed that the proposed law would, among other things, deny women and physicians equal protection of the law, deprive physicians and unemancipated minors of liberty and property without due process of law, and impair the obligation of contracts between physicians and unemancipated minors.

fendant's duties are essentially ministerial. The authority that plaintiff claims defendant possesses lies solely with the judiciary. 16 Am Jur 2d, Constitutional Law, § 153, pp 525-527. See also *Automobile Club of Michigan Committee for Lower Rates Now v Secretary of State (On Remand),* 195 Mich App 613; 491 NW2d 269 (1992) (Board of State Canvassers possesses authority to decide questions of form); OAG, 1947-1948, No 1, p 149 (January 6, 1947) (Board of State Canvassers and Secretary of State are without authority to decide constitutionality of laws proposed by initiative).

The thrust of plaintiff's argument, however, is that he is challenging the constitutionality of the proposed law on its face in a court that has the authority to address constitutional questions. We again disagree. Plaintiff brought a substantive constitutional challenge to a law that had yet to be enacted. This case is controlled by *Hamilton v Secretary of State,* 212 Mich 31; 179 NW 553 (1920). A substantive constitutional challenge to a law proposed by initiative may not be brought before the law's enactment. *Id.,* pp 34-35. The narrow exception to this rule set forth in *Leininger v Secretary of State,* 316 Mich 644; 26 NW2d 348 (1947), does not apply in this case. *Leininger* held only that a constitutionally fatal defect in the *form* of an initiative petition (in *Leininger,* the absence of a title) would give cause for a writ of mandamus prohibiting the Secretary of State from transmitting the proposed law. In the present case, plaintiff has alleged no defects in the form of the petition that bring the *Leininger* exception into play. The trial court correctly granted defendant's motion for summary disposition.

In light of our resolution of the dispositive issue raised by plaintiff's appeal, we need not address

the several alternative grounds for affirmance argued by defendant in its cross appeal.

Affirmed. No costs, a public question being involved.