COALITION FOR A SAFER DETROIT v DETROIT CITY CLERK

Docket No. 300516. Submitted August 10, 2011, at Detroit. Decided
    February 9, 2012, at 9:00 a.m. Leave to appeal denied, 491 Mich
    932.

    Coalition for a Safer Detroit brought an action in the Wayne Circuit
    Court seeking a writ of mandamus directing the Detroit City Clerk
    and the Detroit Election Commission to place a proposed amend-
    ment to § 38 of the 1997 Detroit City Code on the city of Detroit's
    November 2, 2010, ballot. The coalition had filed signed initiative
    petitions with the city clerk to place the proposed amendment on
    the ballot. The proposed amendment would have provided that
    none of the Detroit ordinances prohibiting the possession, sale,
    and offer for sale or distribution of a controlled substance would
    apply to the use or possession of less than 1 ounce of marijuana on
    private property by a person who has attained the age of 21 years.
    The city clerk verified that the petitions contained sufficient valid
    signatures, but the Detroit City Council chose to not enact the
    proposed amendment and forwarded it to the Detroit Election
    Commission, which requested the city's law department to deter-
    mine whether the proposed amendment was a valid initiative
    under Michigan law. On the basis of that department's opinion, the
    election commission voted to not place the initiative on the ballot,
    and the coalition sought the writ of mandamus. Defendants moved
    for summary disposition, which the court, Michael F. Sapala, J.,
    denied, concluding that the clerk had discretion to determine
    whether the proposed amendment was contrary to state law, that
    it was in fact contrary to state law, and that the clerk therefore had
    no legal duty to place it on the ballot. The coalition appealed.

    The Court of Appeals *held*:

    1. Under the Detroit Charter, state law applies to the conduct
    and canvass of city elections. The city clerk must verify the
    signatures of an initiative petition as required by MCL 117.25 of
    the Home Rule Cities Act and then submit the proposed amend-
    ment to the city electors at the next regular municipal or general
    state election, MCL 117.25(3). Under the charter, the city clerk must
    then report to the city council with regard to his or her canvass of the
    signatures, after which the city council must either enact

the proposed ordinance or submit it to the voters. Defendants did not have authority under state law or city ordinance to request the city's legal department to assess whether the proposed amendment, if passed, would conflict with Michigan's controlled substance laws. They did not have discretion to review the substance or effect of the proposal. Because the city clerk certified the petitions as having the requisite number of qualified signatures, the city clerk and the election commission had a clear legal duty to perform the ministerial act of placing the initiative on the ballot, and the coalition had a clear legal right to the performance of the duty. There was no other legal remedy available to the coalition when defendants improperly exercised their discretion and declined to place the proposed amendment on the ballot. The trial court abused its discretion by failing to grant the coalition's request for mandamus.

2. Although there are very rare cases in which there is a clear and unmistakable conflict between an initiative and a state law necessitating prior court intervention, a substantive challenge to a proposed initiative is generally improper until after the law is enacted. Courts should not render hypothetical opinions about proposed amendments that may never become law because it interferes with the legislative process.

Reversed and remanded for further proceedings.

MARKEY, P.J., dissenting, would have affirmed the trial court's order granting summary disposition in favor of defendants, concluding that the coalition had failed to demonstrate that defendants had a clear legal duty to certify a ballot question to adopt a city ordinance that was clearly contrary to state law. She reasoned that under Const 1963, art 7, § 22, the city council was precluded from enacting an ordinance that was in direct conflict with Michigan's controlled substance statutes. The city of Detroit did not have the constitutional authority to adopt such an ordinance, and it was not within the reserved right of initiative provided for in Const 1963, art 2, § 9. Judge MARKEY would have held that the trial court did not abuse its discretion by denying the coalition's petition for a writ of mandamus.

1. MANDAMUS — EVIDENCE — BURDEN OF PROOF.

A writ of mandamus is an extraordinary remedy that will only be issued if (1) the party seeking the writ has a clear legal right to the performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the requested act, (3) the act is ministerial, and (4) no other remedy exists that might achieve the

same result; the party seeking mandamus has the burden of establishing that the official in question has a clear duty to perform the act.

2. COURTS — HYPOTHETICAL OPINIONS — PROPOSED INITIATIVES — CONFLICT WITH STATE LAWS — ELECTIONS.

It is generally improper to challenge a proposed initiative until after the law is enacted; although there are very rare cases in which there is a clear and unmistakable conflict between an initiative and a state law necessitating prior court intervention, courts should generally not render hypothetical opinions about proposed amendments.

*Honigman Miller Schwartz and Cohn LLP* (by *Timothy Sawyer Knowlton*) for Coalition for a Safer Detroit.

*Krystal A. Crittendon*, Corporation Counsel, and *Sheri L. Whyte*, *Dennis A. Mazurek*, and *Tonja R. Long*, Assistant Corporation Counsel, for the Detroit City Clerk and the Detroit Election Commission.

Before: MARKEY, P.J., and SAAD and GLEICHER, JJ.

SAAD, J. Plaintiff appeals the trial court's order that denied its request for a writ of mandamus and granted defendants' motion for summary disposition. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEEDINGS

On May 5, 2010, plaintiff filed signed initiative petitions with the Detroit City Clerk to place on the November 2, 2010, ballot a proposed amendment to § 38 of the 1997 Detroit City Code.[1] Section 38 addresses controlled substances and contains the following relevant provisions:

---

[1] While Detroit recently enacted a new city code, effective January 1, 2012, we note that the initiative petition in this case involved an amendment of the 1997 Detroit City Code.

38-11-2. Possession, sale, etc., prohibited generally.

It shall be unlawful for any person to possess, sell, offer for sale, distribute, administer, dispense, prescribe or give away any controlled substance for which the unlawful possession, sale, offer for sale, distribution, administration, dispensation, prescription, or giving away is punishable by imprisonment for not more than one (1) year under any of the provisions contained within Part 74 of the Michigan Public Health Code, being MCL 333.7401 through MCL 333.7461; MSA 14.15(7401) through 14.15(7461), provided, that this division shall not be construed to prohibit the possession, sale, offer for sale, distribution, administration, dispensation, or prescription of any controlled substance, or its derivative, in accordance with this division.

* * *

Sec. 38-11-7. Penalties.

(a) Any person who shall be convicted of violating any provision of this division shall be deemed guilty of a misdemeanor and shall be punished by a fine not to exceed five hundred dollars ($500.00), or by imprisonment not to exceed ninety (90) days, or by both in the discretion of the court.

(b) Each day a violation continues shall be considered a separate offense and may be punished accordingly.

The proposed amendment set forth in the initiative would have added § 38-11-50 to the code, which would provide: "None of the provisions of this article shall apply to the use or possession of less than 1 ounce of marihuana, on private property, by a person who has attained the age of 21 years."

The city clerk reported that the petitions contained sufficient valid signatures. When the signature requirement had been met and verified, the 1997 Detroit City Charter permitted the city council to enact the ordinance proposed by the petition or, if it failed to do so, to

submit the proposed code amendment to the voters. 1997 Detroit Charter, art 12, § 12-107. The city council did not vote on the proposed amendment, and the matter was forwarded to the Detroit City Election Commission. The election commission asked the Detroit Law Department to provide an opinion about whether the proposed amendment was a valid initiative under Michigan law.

An attorney with the law department drafted a legal memorandum in which she concluded that the initiative conflicted with a state law that prohibits the use and possession of marijuana and that a city may not enact an ordinance that conflicts with state law. As a result the initiative would have been advisory in nature and, under Michigan law, an advisory or "symbolic" initiative may not be placed on the ballot. On August 9, 2010, the election commission voted to not place the initiative on the ballot.

Plaintiff filed a complaint for mandamus requesting the circuit court to order defendants to place the proposed amendment on the ballot. The court denied the writ of mandamus and granted defendants' motion for summary disposition under MCR 2.116(C)(8). The court ruled that the clerk had the discretion to determine whether the proposed amendment was contrary to state law. The court also agreed that the proposed amendment was contrary to state law and that the clerk therefore had no legal duty to place the initiative on the ballot.

## II. ANALYSIS

### A. BURDEN OF PROOF AND STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy that will only be issued if "(1) the party seeking the writ has

a clear legal right to the performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result." *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 284; 761 NW2d 210 (2008). The party seeking mandamus has the burden of establishing that the official in question has a clear legal duty to perform. *Burger King Corp v Detroit*, 33 Mich App 382, 384; 189 NW2d 797 (1971).

We review for an abuse of discretion a circuit court's decision on a request for mandamus. *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006). However, we review de novo the first two elements required for issuance of a writ of mandamus—that defendants have a clear legal duty to perform, and plaintiffs have a clear legal right to performance of the act requested—as questions of law. *Tuggle v Mich Dep't of State Police*, 269 Mich App 657, 667; 712 NW2d 750 (2006). We also review de novo a trial court's decision on a motion for summary disposition. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). MCR 2.116(C)(8) tests whether a claimant has failed to state a cognizable claim. For purposes of a motion for summary disposition under MCR 2.116(C)(8), this Court accepts all well-pleaded factual allegations as true, and construes them in a light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

B. DISCUSSION

Plaintiff argues that because its petitions had the required number of qualified signatures, the statutory requirements governing initiative proposals were satisfied and, therefore, that the trial court erred by uphold-

ing defendants' decision to not place the proposed amendment on the ballot. Plaintiff also does not agree that the proposed amendment is contrary to state law.

Article 3, § 3-104 of the 1997 Detroit Charter provides that, "[e]xcept as otherwise provided by this Charter or ordinance, state law applies to . . . the conduct and canvass of city elections." With regard to initiatives, the Home Rule Cities Act, MCL 117.1 *et seq.*, provides:

> Each city may provide in its charter for 1 or more of the following:
>
> \* \* \*
>
> (g) The initiative and referendum on all matters within the scope of the powers of that city and the recall of city officials. [MCL 117.4i(g).]

The act also sets forth the following with regard to the handling of local elections in MCL 117.25:

> (1) An initiatory petition authorized by this act shall be addressed to and filed with the city clerk. The petition shall state what body, organization, or person is primarily interested in and responsible for the circulation of the petition and the securing of the amendment. Each sheet of the petition shall be verified by the affidavit of the person who obtained the signatures to the petition. The petition shall be signed by at least 5% of the qualified and registered electors of the municipality. Each signer of the petition shall also write, immediately after his or her signature, the date of signing and his or her street address. A signature obtained more than 1 year before the filing of the petition with the city clerk shall not be counted. The petition is subject to the requirements of [MCL 117.25a].
>
> (2) A person who willfully affixes another's signature, or subscribes and swears to a verification that is false in any material particular, is guilty of perjury. A person who takes the oath of another to the petition not knowing him or her

to be the same person he or she represents himself or herself to be or knowing that the petition or any part of it is false or fraudulent in any material particular, or who falsely represents that the proposed amendment is proposed by persons other than the true sponsors, is guilty of a felony and is liable for the same punishment as provided for perjury.

(3) Upon receipt of the petition, the city clerk shall canvass it to ascertain if it is signed by the requisite number of registered electors. For the purpose of determining the validity of the petition, the city clerk may check any doubtful signatures against the registration records of the city. Within 45 days from the date of the filing of the petition, the city clerk shall certify the sufficiency or insufficiency of the petition. If the petition contains the requisite number of signatures of registered electors, the clerk shall submit the proposed amendment to the electors of the city at the next regular municipal or general state election held in the city which shall occur not less than 90 days following the filing of the petition.

Article 12 of the 1997 Detroit Charter governs initiatives and referendums in Detroit and provides, in relevant part:

### 12-104. Duties of the City Clerk.

The petitions shall be filed with the city clerk. The clerk shall, within ten (10) days, canvass the signatures thereon to determine their sufficiency and make a report of the result to the city council. Any signature on an initiative petition obtained more than six (6) months before the filing of the petition with the clerk shall not be counted.

\* \* \*

### 12-107. Procedure.

Upon the report of the clerk that the initiative or referendum petitions are sufficient, and filed within the time limits provided by this Charter, the city may within thirty (30) days:

1. In the case of an initiative petition, enact the ordinance proposed by the petition; or

2. In the case of a referendum petition, repeal the ordinance to which the petition refers.

If the city fails to enact or repeal the measure, the measure shall be submitted to the voters.

**12-108. Submission to Voters.**

If a measure must be submitted to the voters, it shall be submitted:

1. In the case of initiative, at the next election in the city, or, in the discretion of the city council, at a special election; and

2. In the case of referendum, at the next election in the city occurring not sooner than seventy (70) days after the city council's determination not to repeal the measure, or, in the discretion of the city council, at a special election.

Except as otherwise required by law, the result of any initiative or referendum election shall be determined by . . . a majority of the voters voting on the question.

We agree with plaintiff that it was not within the scope of defendants' authority to assess the substance of the petition or to determine whether, if passed, it would conflict with state law. The duties of the city clerk are clearly stated in both MCL 117.25 and the Detroit City Charter. After the clerk canvasses the petitions to determine if they contain the requisite number of qualified signatures, MCL 117.25(3) provides that the clerk "shall submit the proposed amendment to the electors of the city at the next regular municipal or general state election held in the city which shall occur not less than 90 days following the filing of the petition."[2] The charter then requires the clerk to report to

---

[2] This Court has held that a clerk's authority extends to a determination of whether the petition facially complies with MCL 117.25(1) and (2). *Herp v Lansing City Clerk*, 164 Mich App 150, 159; 416 NW2d 367 (1987).

the city council with regard to his or her canvass of the signatures, and it gives the city council the opportunity to pass the ordinance as proposed or to submit the initiative to the voters in the next election. 1997 Detroit Charter, art 12, § 12-107. Despite the additional opportunity for the city council to simply adopt the proposed amendment, nothing in either the charter or the statute indicates that defendants have the discretion to review the substance or effect of the proposal itself.

On the basis of the clear language in the statute and charter, it was a ministerial act for defendants to place the initiative petition on the ballot once the clerk determined that the petitions contained the required number of qualified signatures. Because the clerk certified the petitions as having the requisite number of qualified signatures, defendants had a clear legal duty to place the initiative on the ballot and plaintiff had a clear legal right to the performance of that duty. Further, no other legal remedy was available when defendants declined to place the proposed amendment on the ballot through an exercise of discretion that is not permitted by law. Accordingly, we hold that the trial court abused its discretion by failing to enter an order of mandamus because plaintiff satisfied the elements necessary for mandamus relief. *Citizens Protecting Michigan's Constitution*, 280 Mich App at 284.

We further hold that the trial court erred when it addressed the question of whether the proposed ordinance conflicts with state law when it decided the summary disposition motion. A preelection determination of the validity of a ballot initiative substantially interferes with the legislative function, and our courts have repeatedly held that a substantive challenge to a

However, unlike *Herp*, this case does not involve a challenge under either subsection or a challenge to the form of the petition.

proposed initiative is improper until *after* the law is enacted. *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 493; 688 NW2d 538 (2004); *Senior Accountants, Analysts & Appraisers Ass'n v Detroit*, 218 Mich App 263, 270 n 5; 553 NW2d 679 (1996); *Hamilton v Secretary of State*, 212 Mich 31, 34; 179 NW 553 (1920). We recognize that in the very rare case in which there is a clear and unmistakable conflict between an initiative and state law, the Constitution, or the city charter itself, or when an "initiative petition does not meet the constitutional prerequisites for acceptance," a court may find it necessary to intervene in the initiative process. *Citizens Protecting Michigan's Constitution*, 280 Mich App at 276-277, 291; *Detroit v Detroit City Clerk*, 98 Mich App 136, 139; 296 NW2d 207 (1980). But because the judicial branch should rarely interfere with the legislative process, such cases should be, and are, rare and this is not such a case.

To support their position, defendants cite *People v Llewellyn*, 401 Mich 314, 322 n 4; 257 NW2d 902 (1977), for the proposition that an ordinance conflicts with and is preempted by state law if it permits what state law forbids. We take no position on whether a court could come to this conclusion if this proposed ordinance was passed and then challenged. We also take no position on the wisdom of the petition or speculate about any actions that may or may not be taken if and when the proposed amendment is enacted. Simply stated, before it becomes law, any judgment on the merits of such a claim would be an academic discussion about a hypothetical set of facts. Our courts should not render hypothetical opinions about matters that may never become law.

Moreover, we note here that the question of a potential conflict between city and state law is complex,

particularly when the language of the proposed ordinance does not appear to invalidate or interfere with the enforcement of state and federal laws prohibiting the use or possession of marijuana. The proposed amendment appears to only provide that the use or possession of less than one ounce of marijuana on private property by a person 21 or older will not also be punished *under the Detroit ordinances*. And though plaintiff's objective in supporting this initiative may well be to take yet another incremental step toward legalizing marijuana in Michigan, and though the intended effect of the ordinance may be to discourage arrests for the possession or use of small amounts of marijuana, this issue is not properly before us. We do note, however, that under MCL 764.15 it remains the case that local police officers may arrest a person for the commission of a state felony or misdemeanor and, under the Detroit City Charter, it is the *obligation* of the Detroit Police Department to "enforce laws of the state and the nation" as well as "the ordinances of the city." 1997 Detroit Charter, art 7, § 7-1101. Thus, the proposal, on its face, does not appear to change the fact that all persons under Michigan's jurisdiction remain subject to the drug laws contained in the Public Health Code that criminalize the use and possession of marijuana. MCL 333.7403(2)(d) and MCL 333.7404(2)(d).[3]

Plaintiff established the requirements for a writ of mandamus, and the trial court abused its discretion by

---

[3] We also observe that defendants' arguments with regard to an alleged conflict with state law appear to apply equally to the initiative permitting the use or possession of marijuana and paraphernalia by a person "under the direction, prescription, supervision, or guidance of a physician or other licensed medical professional." Detroit City Code, §§ 38-11-9 and 38-11-32. Those amendments of the code were passed by initiative in 2004, despite the fact that Michigan's medical marijuana act was not passed on a statewide basis until 2008.

failing to grant the writ. It was outside defendants' authority to consider the substance and effect of the initiative, and defendants had a clear legal duty to place the matter on the ballot once the clerk verified that the petition had the requisite number of qualified signatures. Plaintiff had a clear legal right to the placement of the initiative on the ballot, and plaintiff had no other remedy that would achieve the same result. Again, we emphasize that judicial preelection determinations regarding the legality of ballot proposals are disfavored as an undue interference with the legislative process— including the initiative process, the most direct form for citizens to pass laws. And when, as here, the question of whether the ballot proposal conflicts with state law is a complex, close question of law, clearly the judiciary should let the legislative process proceed.

Accordingly, we reverse and remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

GLEICHER, J., concurred with SAAD, J.

MARKEY, P.J. (*dissenting*). I respectfully dissent. It is plaintiff that seeks judicial interference with the political legislative process. I agree with the trial court that plaintiff failed to meet its burden of proof to establish that defendants had a clear legal duty to certify a ballot question to adopt a city ordinance that is clearly contrary to state law. For this reason, I would affirm.

The issuance of a writ of mandamus is an extraordinary remedy, and whether it issues is within the discretion of the court. *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 284; 761 NW2d 210 (2008); *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006). "The

plaintiff bears the burden of demonstrating entitlement to the extraordinary remedy of a writ of mandamus." *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 492; 688 NW2d 538 (2004). The party seeking a writ of mandamus must establish that it (1) "has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result." *Citizens Protecting Michigan's Constitution*, 280 Mich App at 284. The discretionary writ of mandamus "cannot be invoked to accomplish [an] illegal purpose, even though the officer against whom it is invoked is charged with an express duty under [a] statute." *Cheboygan Co Bd of Supervisors v Mentor Twp Supervisor*, 94 Mich 386, 388; 54 NW 169 (1892).

The majority reasons that defendants may not review the substance of the ballot initiative to ensure its compliance with state law but must, instead, after verifying the sufficiency of the requisite signatures and the failure of the city council to adopt the initiative, perform the ministerial act of placing the proposal on the ballot. The majority also applies the doctrine of ripeness, announced in *Hamilton v Secretary of State*, 212 Mich 31; 179 NW 553 (1920), and followed in subsequent cases, to conclude "that a substantive challenge to a proposed initiative is improper until *after* the law is enacted." *Ante* at 371-372. I disagree.

Since *Marbury v Madison*, 5 US (1 Cranch) 137, 177; 2 L Ed 60 (1803), it has been the province of the judiciary in the United States to "to say what the law is." Thus, under our system of government with three coequal branches, "interpreting the law has been one of the defining aspects of judicial power." *In re Complaint*

*of Rovas Against SBC Mich*, 482 Mich 90, 98; 754 NW2d 259 (2008). Yet all public officers in this state from each branch of government must take the same oath. Const 1963, art 11, § 1 provides in part:

> All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of . . . . . . . . according to the best of my ability.

The oath emphasizes that apart from the United States Constitution, the Michigan Constitution is the supreme law that must guide "legislative, executive and judicial" officers to "faithfully discharge the duties of [their] office."

The supremacy of Michigan's Constitution in matters relating to the right of initiative was recently recognized by this Court in *Citizens Protecting Michigan's Constitution*, 280 Mich App 273. The issue presented in that case was whether an initiative petition filed pursuant to Const 1963, art 12, § 2, to amend the Michigan Constitution in a multitude of ways could be placed on the ballot or whether the proposed amendments were so multifarious as to constitute a "general revision" and required compliance with the procedures for a constitutional convention, Const 1963, art 12, § 3. This Court held that the latter constitutional provision applied and issued a writ of mandamus precluding defendants from submitting the initiative petition to the electors. *Citizens Protecting Michigan's Constitution*, 280 Mich App at 277, 308. Relying on several Michigan Supreme Court cases, including *Michigan United Conservation Clubs v Secretary of State (After Remand)*, 464 Mich 359, 365-366; 630 NW2d 297

(2001), *Michigan United Conservation Clubs v Secretary of State*, 463 Mich 1009 (2001), *City of Jackson v Comm'r of Revenue*, 316 Mich 694, 711; 26 NW2d 569 (1947), and *Scott v Secretary of State*, 202 Mich 629, 643; 168 NW 709 (1918), this Court concluded that whether an initiative proposal meets Michigan's constitutional prerequisites for submission to the electors presents a "threshold determination" that is ripe for decision before the initiative proposal is submitted to the voters. *Citizens Protecting Michigan's Constitution*, 280 Mich App at 282-291. An initiative petition "will not meet the constitutional prerequisites for acceptance if the constitutional power of initiative does not extend to the proposal at issue." *Id.* at 291.

The rights of initiative and referendum are reserved to the people by Const 1963, art 2, § 9, which states, in pertinent part with respect to this case:

> The people reserve to themselves the power to propose laws and to enact and reject laws, called the initiative, and the power to approve or reject laws enacted by the legislature, called the referendum. *The power of initiative extends only to laws which the legislature may enact under this constitution.* [Emphasis added.]

In my opinion, the emphasized sentence imposes a substantive limit on the right of initiative.[1] Moreover,

---

[1] For the reasons discussed in this opinion, I disagree with this Court's decision in *Ferency v Bd of State Canvassers*, 198 Mich App 271; 497 NW2d 233 (1993), which held that the substantive limitation of Const 1963, art 2, § 9 was not ripe for review before an election is held. *Ferency*, 198 Mich App at 274, held that whether an initiative petition was subject to preelection review under Const 1963, art 2, § 9 was controlled by *Hamilton*, 212 Mich 31. But *Hamilton* interpreted Const 1908, art 17, § 2, regarding amending the constitution, which did not contain the substantive limit contained in Const 1963, art 2, § 9. See *Hamilton*, 212 Mich at 35-36; cf. Const 1908, art 5, § 1 and *Auto Club of Mich Comm for Lower Rates Now v Secretary of State (On Remand)*, 195 Mich App 613, 616-619; 491 NW2d 269 (1992). *Ferency* also held that the authority to

consideration must be given to the fact that the initiative petition at issue in this case proposes to amend a Detroit ordinance. Cities and other municipalities of this state are creatures of this state's sovereignty and possess only the power and authority granted by the Michigan Constitution and state statutes. *Sinas v City of Lansing*, 382 Mich 407, 411; 170 NW2d 23 (1969). Consequently, another constitutional provision limits the adoption of ordinances by Detroit's legislative body. Specifically, Const 1963, art 7, § 22 provides that a city or village "shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law." In *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977), our Supreme Court provided clear guidance on the limits Const 1963, art 7, § 22 imposes on the authority of a city legislature to adopt ordinances that conflict with state law. "Under Const 1963, art 7, § 22, a Michigan municipality's power to adopt resolutions and ordinances relating to municipal concerns is " 'subject to the constitution and law.' " *Llewellyn*, 401 Mich at 321. Moreover,

> [a] municipality is precluded from enacting an ordinance if 1) the ordinance is in direct conflict with the state statutory scheme, or 2) if the state statutory scheme pre-empts the ordinance by occupying the field of regulation which the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation. [*Id.* at 322.]

A direct conflict exists when an ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits. *Id.* at 322 n 4.

---

engage in constitutional review "lies solely with the judiciary." *Ferency*, 198 Mich App at 273-274. Even if this is so, judicial review in the grand tradition of *Marbury v Madison* is occurring now. See *Citizens Protecting Michigan's Constitution*, 280 Mich App at 291.

Except within the strict confines of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, the use and possession of marijuana is prohibited by Michigan's Public Health Code, MCL 333.1101 *et seq.* See MCL 333.7404(2)(d) (prohibiting use of marijuana); MCL 333.7403(2)(d) (prohibiting possession of marijuana); and MCL 333.7401(1) and (2)(d) (prohibiting the manufacture, creation, delivery, or possession with intent to manufacture, create, or deliver marijuana). Thus, because the proposed ordinance would permit "the use or possession of less than 1 ounce of marihuana, on private property, by a person who has attained the age of 21 years," without compliance with the MMMA, there is a patent, direct conflict between the proposed ordinance and state statute. *Llewellyn*, 401 Mich at 322 n 4. The proposed ordinance would be preempted by state statute if passed by the voters, and it is not within its constitutional authority under Const 1963, art 7, § 22 for the Detroit legislative body to adopt this ordinance. *Llewellyn*, 401 Mich at 319-320. Consequently, the initiative petition here does not satisfy the constitutional prerequisite of coming within the right of initiative under Const 1963, art 2, § 9. *Citizens Protecting Michigan's Constitution*, 280 Mich App at 291.

The majority opines that "the question of a potential conflict between city and state law is complex, particularly when the language of the proposed ordinance does not appear to invalidate or interfere with the enforcement of state and federal laws prohibiting the use or possession of marijuana." *Ante* at 372-373. While I agree that a local ordinance cannot "invalidate or interfere with the enforcement of state and federal laws," this is not the test announced in *Llewellyn* to determine whether a city or village exceeds its authority under Const 1963, art 7, § 22. Applying the correct test, I conclude, as did the trial court, that the initiative

proposal here sought the adoption of an ordinance that directly conflicted with state law. Consequently, it was not within the constitutional authority of the city of Detroit to adopt such an ordinance. *Id.*; see also *Llewellyn*, 401 Mich at 321-322, n 4. As such, the proposed ordinance amendment was not within the reserved right of initiative provided for in Const 1963, art 2, § 9. See *Citizens Protecting Michigan's Constitution*, 280 Mich App at 291.

Finally, as noted initially, it is the plaintiff's burden to establish not only that it has a clear legal right to performance of the specific duty sought, but also that the defendant has the clear legal duty to perform the act requested. *Id.* at 284. Plaintiff in this case failed to meet its burden of proof with respect to either of these requirements. I would hold that the trial court did not abuse its discretion by denying plaintiff's complaint for a writ of mandamus to compel the placing of this initiative before the electors because its purpose—and admittedly so—was to adopt an amendment to Detroit's ordinances that clearly conflicted with state law and, thus, sought to accomplish an illegal purpose. *Cheboygan Co Bd of Supervisors*, 94 Mich at 388.

I would affirm.