# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN CONYERS III,

       Plaintiff-Appellant,

v

WAYNE COUNTY CLERK and WAYNE
COUNTY ELECTION COMMISSION,

       Defendants-Appellees,

and

IAN CONYERS,

       Intervening Appellee.

UNPUBLISHED
June 12, 2018

No. 344171
Wayne Circuit Court
LC No. 18-006000-AW

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals of right from a final order of the trial court dismissing his complaint seeking an order of mandamus against defendants Wayne County Clerk and the Wayne County Election Commission. We granted plaintiff's motion to expedite this appeal, and now affirm.

## I. MATERIAL FACTS AND PROCEEDINGS

Plaintiff timely filed over 1,000 petition signatures with the Wayne County Clerk, seeking to be placed on the August 7, 2018 ballot, as a candidate for the Thirteenth Congressional District partial and full terms. Upon review of the petition signatures, the Wayne County Clerk concluded that plaintiff had submitted only 894 valid signatures for the partial term and 943 valid signatures for the full term, below the number required by state law. Thereafter, the Wayne County Election Commission accepted the list of candidates certified by the clerk, which did not include plaintiff's name.

Eight days later, plaintiff filed suit in Wayne circuit court where, after briefing and a motion hearing, the court entered a final order dismissing the case. The trial court concluded that plaintiff had not established a valid basis for the issuance of a writ of mandamus, as (1) "MCL 168.552(2) mandates that the County Clerk shall investigate and determine the validity of signatures which is a discretionary action," (2) "there are disputed facts," and (3) "there is another remedy, which is to have a write-in campaign." The trial court also ruled that there had

-1-

been no violation of the Due Process Clause of the United States Constitution or of the Michigan Constitution, and that laches otherwise barred plaintiff's claim.

## II. ANALYSIS

The standard of review applicable to a decision to grant or deny a writ of mandamus was set forth in *Southfield Ed Assoc v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 378-379; 909 NW2d 1 (2017):

> This Court reviews for an abuse of discretion a trial court's grant or denial of a writ of mandamus. *Wilcoxon v Detroit Election Comm*, 301 Mich App 619, 630; 838 NW2d 183 (2013). An abuse of discretion occurs when the trial court "chooses an outcome that falls outside the range of reasonable and principled outcomes." *Fette v Peters Constr Co*, 310 Mich App 535, 547; 871 NW2d 877 (2015). However, whether the first two elements required for issuance of a writ of mandamus are present is a question of law, which this Court reviews de novo. *Coal for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012).

The *Southfield Ed Assoc* Court also set forth high standards that must be met to establish entitlement to a writ of mandamus:

> A writ of mandamus is an extraordinary remedy that will only be issued if (1) the party seeking the writ "has a clear legal right to the performance of the duty sought to be compelled," (2) the defendant has a clear legal duty to perform the act requested, (3) the act is ministerial, that is, it does not involve discretion or judgement, and (4) no other legal or equitable remedy exists that might achieve the same result. *Barrow v Detroit Election Comm*, 305 Mich App 649, 661–662; 854 NW2d 489 (2014) (citation omitted). The burden of proving entitlement to a writ of mandamus is on the plaintiff. *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 492; 688 NW2d 538 (2004). [*Id*. at 378.]

" 'A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' " *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016), quoting *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013). Further, "mandamus may not be issued where disputed facts exist." *Garner v Mich State Univ*, 185 Mich App 750, 762; 462 NW2d 832 (1990).

The trial court properly denied plaintiff's request for a writ of mandamus. A county clerk who receives a sworn complaint challenging the "registration or genuineness" of the signatures on a nominating petition must commence an investigation by comparing those signatures claimed invalid with the signatures appearing on the registration record, MCL 168.552(2), an action which by its very nature is a fact-based dispute. The validity of the signatures stricken by the Wayne County Clerk are clearly in dispute, as plaintiff claims his petition should have been certified because it contained the requisite number of valid signatures, and that many of the names deemed invalid by the Clerk are actually valid. Because of the existence of this inherently

factual dispute, the trial court did not abuse its discretion when it denied plaintiff's complaint for a writ of mandamus. *Garner*, 185 Mich App at 762.[1]

Having accepted the trial court's rulings on this ground, we need not address plaintiff's remaining arguments.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[1] *Wilcoxon* does not support plaintiff's position that reviewing the validity of signatures is a ministerial act. Unlike in that case, see *Wilcoxon,* 301 Mich App at 635, 639, the Wayne County Clerk here never hindered plaintiff's ability to seek a meaningful review of the invalidated signatures.