*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF ROYAL OAK,

Plaintiff-Appellant,

v

OAKLAND CARES COALITION,

Defendant-Appellee.

FOR PUBLICATION
December 19, 2024
10:37 AM

No. 367522
Oakland Circuit Court
LC No. 2023-199921-AW

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

BORRELLO, J.

The Township of Royal Oak is appealing a trial court's decision to grant summary disposition in favor of the Oakland Cares Coalition (OCC). This case stems from a dispute over a ballot initiative about recreational marijuana establishments that was approved by township voters. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case concerns a ballot initiative presented to voters in plaintiff township by OCC, which garnered majority support during the November 8, 2022 election. Plaintiff, collectively members of the township's governing board, expressed dissatisfaction with the ordinance's approval by bringing a series of lawsuits to block the ballot initiative. A significant element of this ordinance, established seemingly without plaintiff's consent, is its provision to permit and regulate the operation of recreational marijuana within the township. Plaintiff argues that this development represents a notable shift in local policy regarding marijuana. In contrast, OCC claims the vote was indicative of evolving social norms and legal frameworks surrounding the growing use of marijuana in the State of Michigan. The ballot question stated as follows:

> The proposal, if adopted, would enact an ordinance to assist patients in need of medical marihuana for conditions such as epilepsy, multiple sclerosis, colitis, arthritis, crohn's disease, cerebral palsy, chronic pain, parkinson's disease, post traumatic stress disorder and other critical medical conditions and repeal the Township's prohibition of marihuana establishments. Shall the proposal be adopted?

-1-

Under § 6 of the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*,

Individuals may petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality or to completely prohibit marihuana establishments within a municipality, and such ordinance shall be submitted to the electors of the municipality at the next regular election when a petition is signed by qualified electors in the municipality in a number greater than 5% of the votes cast for governor by qualified electors in the municipality at the last gubernatorial election. A petition under this subsection is subject to section 488 of the Michigan election law, 1954 PA 116, MCL 168.488. [MCL 333.27956(1).]

Plaintiff contends that the ballot question was misleading, as it implied that the proposed ordinance related to medical marijuana establishments instead of recreational ones. Plaintiff maintains that it had permitted medical marijuana facilities within its jurisdiction before the passage of the pertinent ballot initiative, and it is an accepted fact that plaintiff had not previously authorized recreational marijuana establishments. To stop the ordinance from enactment, plaintiff filed a legal action requesting a court order invalidating the ordinance based on an alleged violation of MCL 168.485 and an alleged conflict with the Michigan Zoning and Enabling Act (MZEA), MCL 125.3101 *et seq*. The trial court granted summary disposition in favor of OCC under MCR 2.116(C)(8) and (C)(10), and the court dismissed plaintiff's claims. Plaintiff now appeals.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Resolution of this appeal presents questions of law that this Court reviews de novo. *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 574; 957 NW2d 731 (2020).

## III. ANALYSIS

On appeal, plaintiff contends that there was a genuine question of material fact regarding the alleged violation of MCL 168.485. Plaintiff asserts that the ballot wording created confusion by: (1) suggesting that the proposed ordinance would only allow medical marijuana facilities, (2) failing to indicate that the ordinance would also permit recreational marijuana establishments, and (3) implying that the township currently prohibited medical marijuana facilities, even though such facilities are already allowed by the township. As a result, plaintiff contends that the misleading ballot language led voters to approve an ordinance that would not have received approval otherwise. In its complaint, plaintiff argues that these deficiencies in the ballot language rendered the adopted ordinance "null and void."

MCL 168.485 provides as follows:

A question submitted to the electors of this state or the electors of a subdivision of this state shall, to the extent that it will not confuse the electorate, be worded so that a "yes" vote will be a vote in favor of the subject matter of the

proposal or issue and a "no" vote will be a vote against the subject matter of the proposal or issue. The question shall be worded so as to apprise the voters of the subject matter of the proposal or issue, but need not be legally precise. The question shall be clearly written using words that have a common everyday meaning to the general public. The language used shall not create prejudice for or against the issue or proposal.

In their appeal, plaintiff's argument emphasizes the precision of the language used on the ballot rather than the fundamental validity of the ordinance itself. Even if we were to concede that the wording on the ballot was, at the very least, incomplete in accurately representing the essence of the ordinance, it is unnecessary for this Court to resolve that issue at this juncture. The pivotal question now is not whether the ballot language was misleading; rather, it centers on whether this Court possesses the authority to invalidate the ordinance subsequent to its approval by voters, regardless of whether the language may be regarded as misleading. Neither plaintiff nor our dissenting colleague has provided this Court with any such authority, nor have they submitted any sources to substantiate the claim of such authority. The absence of such authority likely stems from the fact that the appropriate time to contest the accuracy of the ballot language was prior to the election, when this dispute could have been addressed effectively. In a similar case involving a pre-election lawsuit, *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 493-495; 688 NW2d 538 (2004), this Court ordered that the proposed ballot language be placed on the ballot after it was established that the language met constitutional and statutory requirements for being true and impartial.

Here, the election has already occurred, rendering the issue regarding the language on the ballot moot, as there is no feasible way to rectify any alleged past wrong. An issue is considered moot when a judgment "cannot have any practical legal effect upon a then existing controversy." *League of Women Voters*, 506 Mich at 580. In this instance, even if it were determined that the language on the ballot was misleading, it would not change the fact that the language was presented on the ballot, the election was conducted, and a majority of voters approved the proposed ordinance. Plaintiff has not provided any legal authority supporting the assertion that a violation of MCL 168.485, assuming arguendo that one occurred, can be remedied post-election by invalidating the ordinance approved by voters. Although plaintiff and our dissenting colleague contend that the ballot wording misled voters, resulting in their approval of an ordinance that would not have otherwise passed, the facts remain unchanged. Our Supreme Court has stated the following:

> Fundamental principles of democratic self-government preclude the judiciary from substituting its judgment for that of the people. We have only that authority to overturn a proposal adopted by the people given us by the constitution. 'Voter confusion' regarding [the ballot proposals], whether an ancillary result of the initiative process or a product of political activity in support of, or in opposition to, the proposed laws, does not permit the judiciary to assume an authority to take corrective action which has not been granted by the organic instrument of government. [*In re Proposals D & H*, 417 Mich 409, 423; 339 NW2d 848 (1983).]

We recognize the prior litigation related to this ballot initiative, which took place before the election and was brought before this Court. The case concluded with an order mandating the

initiative's inclusion on the ballot, specifically in *Oakland Cares Coalition v Turner*, an unpublished per curiam opinion from the Court of Appeals, issued on September 1, 2021 (Docket No. 358304), pp1, 5-6. It is essential to note that this earlier dispute did not challenge the adequacy of the ballot question language, its alignment with the substance of the ordinance, or its compliance with MCL 168.485. Instead, the litigation was initiated after the township clerk refused to certify the ballot wording, citing a legal opinion that the proposed ordinance violated the title-object clause of the Michigan Constitution. Consequently, defendant filed a lawsuit seeking declaratory and mandamus relief to compel the clerk to certify the proposed ballot question's language to the county clerk. This Court stated:

> In *Warren City Council v Buffa*, 333 Mich App 422; 960 NW2d 166 (2020), a case involving the failure of the defendant Buffa, the city clerk, to certify ballot wording, this Court ruled in part that "MCL 168.646a(2) requires that the ballot language be certified *to* Buffa, not *by* Buffa." *Id*. at 433. The Court concluded that Buffa had a clear legal duty to certify the ballot to the county clerk because the ballot language was certified to her before the deadline. *Id*. at 434. Similarly, in *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362; 820 NW2d 208 (2012), this Court opined that it was not within the scope of the clerk's authority to assess the substance of the petition or to determine whether, if passed, it would conflict with state law. *Id*. at 371. MCL 168.646a did not give the clerk the discretion to review the substance or effect of the proposal itself. *Id*. Pursuant to *Coalition for a Safer Detroit* and *Warren City Council*, defendant here had a clear legal duty under MCL 168.646a to certify the ballot wording.

> Here, rather than certify the wording, defendant [clerk] sought a legal opinion. However, "judicial preelection determinations regarding the legality of ballot proposals are disfavored as an undue interference with the legislative process—including the initiative process, the most direct form for citizens to pass laws." *Coalition for a Safer Detroit*, 295 Mich App at 374. It follows that a township clerk's attempt to declare that a ballot proposal is illegal before an election should not be countenanced.

> Further, the legal opinion obtained by defendant focused on the title and content of the proposed ordinance, *not on the ballot wording*. This was error, as the only item for certification by defendant was the wording of the ballot question, as set forth in the clear language of MCL 168.646a(2). The circuit court continued this error by considering the title and content of the proposed ordinance, rather than the ballot question. [*Oakland Cares Coalition*, unpub op at 4-5 (last emphasis added).]

This Court reversed the trial court's order denying OCC's request for a writ of mandamus and directed the township clerk to certify the ballot language to the county clerk. *Id*. at 6.

The prior litigation concerning this ballot initiative did not contest the language of the ballot question; instead, it emphasized an issue regarding the potential constitutionality of the ordinance if adopted by the electorate. We ruled that such a challenge could not be initiated before the election. *Id*. at 4-5; see also *Citizens for Protection of Marriage*, 263 Mich App at 493 ("[I]t

is also well established that a substantive challenge to the subject matter of a petition is not ripe for review until after the law is enacted."); *Coalition for a Safer Detroit*, 295 Mich App at 371-372 ("A preelection determination of the validity of a ballot initiative substantially interferes with the legislative function, and our courts have repeatedly held that a substantive challenge to a proposed initiative is improper until *after* the law is enacted.").

Therefore, if plaintiff believed the language presented on the ballot was misleading, it had the opportunity to address that concern *prior to* the election, see *Citizens for Protection of Marriage*, 263 Mich App at 493-495, but there is no indication that plaintiff ever availed itself of this opportunity. Instead, the township clerk resisted putting the measure on the ballot based merely on a premature and improper substantive challenge to the ordinance's constitutionality. *Oakland Cares Coalition*, unpub op at 4-5. At this juncture, now that the voters have approved the ordinance, a challenge to the actual validity of the ordinance itself would be permissible, *Coalition for a Safer Detroit*, 295 Mich App at 371-372; *Citizens for Protection of Marriage*, 263 Mich App at 493, but plaintiff's challenge to the ballot wording (that appeared on a ballot in an election that has already occurred) based on an alleged violation of MCL 168.485 is not such a substantive challenge to the validity of the ordinance itself. The township has thus not demonstrated that it is entitled to any appellate relief on this ground. *League of Women Voters*, 506 Mich at 574.[1]

---

[1]The dissent cites *Richey v Bd of Ed of Monroe Co*, 346 Mich 156, 167; 77 NW2d 361 (1956), which states as follows:

> Statutes giving directions as to the mode and manner of conducting elections will be construed by the courts as directory, unless a noncompliance with their terms is expressly declared to be fatal, or will change or render doubtful the result. * * * Before election it is mandatory if direct proceedings for its enforcement are brought, but after election it should be held directory, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote or the ascertainment of the result, or unless the provisions affect an essential element of the election, or it is expressly declared by the statute that the particular act is essential to the validity of the election, or that its omission will render it void. [Quotation marks and citations omitted; asterisks in original.]

The dissent also relies on *Rosenbrock v Sch Dist No 3, Fractional Twps of Williams & Monitor*, 344 Mich 335, 339; 74 NW2d 32 (1955), in which the Court stated that "[i]t has been repeatedly held by this Court that irregularities in the conducting of an election will not invalidate the action taken unless it appears that the result was, or may have been, affected thereby." In this case, however, the dissent merely speculates about the presumed effect on the outcome. In contrast, the *Rosenbrock* Court was presented with evidence regarding the number of allegedly improper ballots cast, which enabled a consideration of how the alleged errors impacted the election's result.

Neither case is applicable here as our dissenting colleague has made an inappropriate factual finding while considering a motion for summary disposition—without any supporting evidence—that the ballot language adversely impacted the voting process.

We next address the township's assertion that the "title of the Ballot Proposal does not adequately express the content of the proposed ordinance" because the "title suggests the ordinance will assist patients" and the "text of the ordinance fails to further develop this." The township contends that the ordinance instead emphasizes compliance with the MRTMA.

Under Const 1963, art 4, § 24, commonly referred to as the Title-Object Clause, "[n]o law shall embrace more than one object, which shall be expressed in its title." "This constitutional limitation ensures that legislators and the public receive proper notice of legislative content and prevents deceit and subterfuge." *Pohutski v City of Allen Park*, 465 Mich 675, 691; 641 NW2d 219 (2002). "The goal of the clause is notice, not restriction of legislation." *Id*. "A title-body challenge is an assertion that the body of an act exceeds the scope of its title." *Enbridge Energy, LP v State*, 332 Mich App 540, 546; 957 NW2d 53 (2020). "A title will only fail to give fair notice if the subject in the body is so diverse from the subject in the title that they have no necessary connection." *Id*.

The proposed ordinance seeks to enhance patient access to medical marijuana while eliminating the township's ban on recreational marijuana establishments. Section 1 delineates the ordinance's objectives, which include regulating the operations of marijuana businesses in compliance with the Michigan Regulation and Taxation of Marihuana Act (MRTMA). This regulation allows for the availability of recreational marijuana to adults aged 21 and older, in addition to improving access for medical marijuana patients. The ordinance's content is directly related to the title it bears, indicating that plaintiff has not effectively established a viable title-body challenge, even if its claims are assumed to be true.

Plaintiff also contends that the trial court erred in dismissing its claim that the ordinance conflicts with the MZEA. In its complaint, plaintiff set forth this claim in three paragraphs as follows:

> 31. At the time of the ballot initiative, the Charter Township of Royal Oak allowed Medical Marijuana Facilities in its M-1 Industrial Park District.
>
> 32. The language of the ordinance, in Section 7c sets forth an expedited window for applications, that would effectively prevent the Charter Township of Royal Oak from utilizing its zoning authority to regulate the operation of any marijuana facilities.
>
> 33. As the language of the ordinance infringes upon the lawful right of the Charter Township of Royal Oak to exercise its zoning authority, the ordinance conflicts with the Zoning and Enabling Act and is null and void.

The trial court granted summary disposition on this count of the complaint in favor of OCC under MCR 2.116(C)(8) for "fail[ure] to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the

complaint," and "a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil*, 504 Mich at 159-160.[2]

We concur with the findings of the trial court that the township's allegations do not identify any specific provision of the MZEA that the ordinance purportedly violates. The allegations are exclusively composed of conclusory statements asserting that the ordinance's requirements encroach upon the zoning authority afforded to the township by the MZEA. Yet, they are devoid of any corroborating factual evidence. In Michigan, a mere declaration of a pleader's conclusions and legal assertions that lack factual substantiation is inadequate to establish a viable cause of action. *Varela v Spanski*, 329 Mich App 58, 79; 941 NW2d 60(2019). The primary function of a pleading in Michigan is to provide notice of the nature of the claim or defense, sufficient to allow the opposing party to respond. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 230; 964 NW2d 809 (2020). The township's allegations regarding the alleged violation of the MZEA are insufficient to allow an opposing party to take a responsive position. Therefore, the township has not demonstrated that the trial court erred by dismissing this claim.

In conclusion, our disagreement with our dissenting colleague is rooted in a fundamentally different perspective on the appropriate role of judicial power when nullifying laws duly enacted by a majority of the voting electorate. The main concern with our dissenting colleague's attempt to grab power for the judiciary in such a manner lies in the absence of clear constitutional or statutory authority—along with a guiding principle—that would allow judicial interventions based solely on allegations of "misleading language." Adopting the position of our dissenting colleague would imply that once a majority of the electorate approves an ordinance, the courts could intervene whenever allegations of "misleading language" related to that ordinance are brought forth. This situation would result in the judiciary exercising authority beyond what is provided by our Constitutions. Additionally, such a policy would have immediate and practical implications. Litigants opposing the ordinance could, as indeed they have done here, initiate lawsuits, claiming that the language used was deceptive. Ultimately, this sets a dangerous precedent, as it could erode the democratic process by creating a landscape where electoral outcomes are repeatedly challenged through litigation, thus fostering instability and uncertainty within the electoral system. In contrast to our dissenting colleague, we adopt the view as stated in 1948 by the Supreme Court of Idaho when it stated:

> The people are presumed to know what they want, to have understood the proposition submitted to them in all of its implications, and by their approval vote to have determined that this [proposal] is for the public good and expresses the free opinion of a sovereign people. *Keenan v Price*, 68 Idaho 423, 434; 195 P2d 662 (1948), as quoted in *In re Proposals D & H*, 409 Mich at 423.

---

[2] To the extent the township attempts to rely on statements in its responsive brief to the motion for summary disposition to sufficiently state its claim, we note that a brief in response to a motion for summary disposition is not a "pleading." MCR 2.110(A).

Affirmed. No costs are awarded to either party, a public question being involved. MCR 7.216(A)(7) and MCR 7.219(A). See also *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett